Argued and submitted March 12, affirmed May 23, reconsideration denied
September 5, petition for review denied October 23, 1990 (310 Or 475)

# JESSUP,
*Appellant,*

*v.*

# MT. BACHELOR, INC.,
*Respondent.*

## (86-CV-0184-TM; CA A50350)

792 P2d 1232

Warren John West, Bend, argued the cause and filed the briefs for appellant.

Ronald L. Marceau, Bend, argued the cause for respondent. With him on the briefs were Dennis James Hubel and Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Plaintiff appeals a judgment for defendant in a jury trial. She assigns error to jury instructions relating to the inherent risks of skiing.[1] We affirm.

Plaintiff, while skiing, was injured when she collided with a group of people gathered near the bottom of a ski lift off-ramp. At trial, defendant raised an affirmative defense that plaintiff's injuries were caused by an inherent risk of skiing under ORS 30.970 *et seq.* The court instructed the jury, in relevant part:

> "There are risks of injury inherent in the sport of alpine skiing. Oregon law provides that a ski area operator has no duty to protect a skier from the risks of injury which are inherent in that sport, insofar as such risks are reasonably obvious, expected or necessary. Accordingly, under Oregon law, a *ski area operator has no duty to take any precautions to prevent injuries to a skier caused by the inherent risks of skiing insofar as they are reasonably obvious, expected or necessary* * * *.

> "The inherent risks of skiing include but are not limited to those dangers or conditions which are an integral part of the sport, such as variations or steepness in terrain, snow or ice conditions, surface or subsurface conditions, forest growth, rocks, stumps, lift towers and other structures and their components, *collisions with other skiers* and a skier's failure to ski within the skier's own ability."

ORS 30.975 provides:

> "In accordance with ORS 18.470 [regarding contributory negligence] and notwithstanding ORS 18.475(2) [abolishing the doctrine of implied assumption of risk], an individual who engages in the sport of skiing, alpine or nordic, accepts and assumes the inherent risks of skiing in so far as they are reasonably obvious, expected or necessary."

ORS 30.970 provides, in relevant part:

> "(1) 'Inherent risks of skiing' includes, but is not limited to, those dangers or conditions which are an integral part of the sport, such as changing weather conditions, variations or

---

[1] On appeal, plaintiff's assignment of error relates to the verdict form presented to the jury as well as to the instructions. At trial, however, plaintiff excepted only to the jury instructions and not the verdict form. Accordingly, we do not address plaintiff's arguments about the verdict form.

steepness in terrain, snow or ice conditions, surface or subsurface conditions, bare spots, creeks and gullies, forest growth, rocks, stumps, lift towers and other structures and their components, collisions with other skiers and a skier's failure to ski within the skier's own ability."

We understand plaintiff to argue that the plain and unambiguous meaning of ORS 30.975 is that an injury resulting from an inherent risk of skiing can never bar a skier's recovery and must always be measured against the ski operator's negligence. That argument is illogical in the context of an injury caused solely by an inherent risk of skiing, because there is no fault on the part of the ski operator with which to compare it. The argument makes sense only if there is evidence that a skier's injury resulted from an inherent risk of skiing and from the negligence of the ski operator. That argument is consistent with the discussion by the House Committee on the Judiciary regarding the meaning of "in accordance with ORS 18.470" in ORS 30.975:

> "The whole gist of section 2 and the reason for the phrase 'in accordance of ORS 18.470' is that it was the conclusion of the subcommittee from Senate Agriculture and of the trial lawyers that this clearly allowed for the situation where there may be injury caused by a combination of the assumption of the inherent risk by the skier and of area operator negligence. In those cases where there is operator negligence, it was the interpretation that the doctrine of comparative negligence would be brought in. With the assumption of risks spelling out what the risks are, *if the injury is due solely to those risks, there would be a bar to recovery.*" Minutes, House Committee on the Judiciary, June 8, 1979, pp 8-9.

Thus, it would appear that the legislature intended to bar recovery for an injury caused solely by an inherent risk of skiing. But, if the injury is caused by a combination of an inherent risk of skiing and operator negligence, then the doctrine of comparative fault would apply.

Plaintiff does not point to any place in the record where she argued to the trial court that there was an issue of an injury resulting from the combination of an inherent risk of skiing and operator negligence or where she requested an instruction pertaining to it. Plaintiff alleged that her injury was the result of operator negligence. Defendant alleged that plaintiff's injury was a result of an inherent risk of skiing. The

instructions to which plaintiff excepted told the jury that, if her injury was caused by an inherent risk of skiing, she could not recover. That is a correct statement of law as far as it goes. Plaintiff excepted, because "it is our belief that there is no area of law that allows a complete bar * * *." That exception was an incorrect statement of the law. Plaintiff's argument that an injury resulting from inherent risks of skiing cannot bar recovery and must be measured against the operator's negligence is only correct in the context of multiple causation. Plaintiff did not preserve any other argument in the trial court, and the court correctly instructed the jury on the issues that were presented.

Affirmed.