Argued and submitted July 13, reversed and remanded August 26, reconsideration denied November 25, 1992, petition for review allowed February 23, 1993

(315 Or 442)

John NOLAN,
*Plaintiff,*

*and*

Jani NOLAN,
*Appellant,*

*v.*

MT. BACHELOR, INC.,
*Respondent.*

(87-CV-0190-WE; CA A61234)

836 P2d 770

Wade V. Regier, Portland, argued the cause for appellant. With him on the briefs were Gary M. Bullock and Bullock & Regier, P.C., Portland.

Dennis James Hubel, Bend, argued the cause for respondent. With him on the brief were R.L. Marceau and Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff Jani Nolan[1] was injured in a skiing collision with a ski instructor employed by the defendant "ski area operator," *see* ORS 30.970(5), while she was taking a skiing lesson from another employee of defendant's. She brought this action, alleging that the collision resulted from the first employee's negligence, while he was acting in the course and scope of his employment. The jury returned a verdict for defendant, and plaintiff appeals. We reverse.

■ Plaintiff first assigns error to the verdict form that the court submitted to the jury over her objection. The completed form reads, in relevant part:

"1. Was the injury, if any, to Plaintiff Jani Nolan caused by an inherent risk of skiing which was reasonably obvious, expected or necessary?

"ANSWER:  __Yes__.  (Yes or No)

"If your answer to question 1 is 'yes,' your verdict is for the defendant. Your presiding juror should sign this verdict form. Do not answer any further questions. If your answer to question 1 is 'no,' proceed to question 2.

"2. Was defendant negligent in one or more of the respects claimed in plaintiffs' complaint which caused damage to Plaintiff Jani Nolan?

"ANSWER:  _____.  (Yes or No.)

"If your answer to question 2 is 'no,' your verdict is for the defendant. Your presiding juror should sign this verdict form. Do not answer any further questions."

ORS 30.975 provides:

"In accordance with ORS 18.470 and notwithstanding ORS 18.475(2), an individual who engages in the sport of skiing, alpine or nordic, accepts and assumes the inherent risks of skiing in so far as they are reasonably obvious, expected or necessary."

As defined by ORS 30.970(1),

" '[i]nherent risks of skiing' includes, but is not limited to, those dangers or conditions which are an integral part of the sport, such as changing weather conditions, variations or

---

[1] Her husband, John Nolan, was also a plaintiff, but does not appeal.

steepness in terrain, snow or ice conditions, surface or sub-surface conditions, bare spots, creeks and gullies, forest growth, rocks, stumps, lift towers and other structures and their components, collisions with other skiers and a skier's failure to ski within the skier's own ability."

After this case was tried, we construed those statutes in *Jessup v. Mt. Bachelor, Inc.*, 101 Or App 670, 673, 792 P2d 1232, *rev den* 310 Or 475 (1990), and said:

"[T]he legislature intended to bar recovery for an injury caused solely by an inherent risk of skiing. But, if the injury is caused by a combination of an inherent risk of skiing and operator negligence, then the doctrine of comparative fault would apply."

Plaintiff argues, *inter alia*, that the verdict form prevented the jury from reaching the negligence issue if it found that the injury was due to an inherent risk of skiing and, in effect, it required the jury to treat the inherent risk defense as an absolute bar to the negligence claim. Plaintiff contends that that effect is contrary to *Jessup*, which holds that, when both an inherent risk and a ski area operator's negligence assertedly contribute to an injury, the questions of liability and apportionment of fault are for the trier of fact. We agree.

Defendant argues that the jury's finding that the accident was caused by an inherent risk of skiing renders impossible any finding of negligence. It explains:

"[B]ecause this risk was reasonably obvious or expected, it precludes a finding that the conduct creating the risk was negligent (how can the risk created by the other skier's conduct involve negligence if it is reasonably obvious, expected or necessary?). A risk of collision with another skier that was reasonably obvious and expected cannot be looked at from the other side and be treated as an unreasonable risk of foreseeable harm."

There are two answers to the argument. First, there is no logical inconsistency in a finding that an event has more than one cause. The word "only" does not appear in the question that the jury answered. Insofar as defendant's argument is meant to postulate that a collision with another skier cannot give rise to a negligence action against the skier or his ski area operator employer, we disagree. The statute shields

ski area operators from liability for collisions between customers, not from accountability for a collision caused by an employee's negligence.

■ Second, the trial court instructed the jury that collisions with other skiers are an inherent risk of skiing.[2] The combination of that instruction and the verdict form improperly denied plaintiff a jury determination on her negligence allegations.

■ Plaintiff next assigns error to the instructions. We reach the assignment, because it is likely to affect the proceedings on remand. Plaintiff argues that the court should not have instructed the jurors that a person who skis "accepts and assumes the inherent risks of skiing." She relies on *Blair v. Mt. Hood Meadows Development Corp.*, 291 Or 293, 630 P2d 827, *modified* 291 Or 703, 634 P2d 241 (1981), and contends that the jury should not have been instructed in terms of assumption of the risk, let alone the specific risks that a skier assumes under the definition in ORS 30.970. The events in *Blair* occurred before ORS 30.970 *et seq* took effect. It is difficult to imagine how a jury can be instructed in a case to which the statute applies without any reference to what the statute says. If the jury was properly informed about the relationship between the negligence claim and the statutory defense and was made aware that the two are not necessarily mutually exclusive, the portions of the court's instructions that plaintiff contests would not provide a basis for reversal.

In the remaining assignments, plaintiff argues that the court erred by admitting certain evidence. The rulings were within the court's discretion.

Reversed and remanded.

---

[2] As discussed below, plaintiff excepted to and assigns error to the instruction.