Argued and submitted May 7, decision of the Court of Appeals affirmed; judgment of the circuit court reversed and case remanded to the circuit court August 5, 1993

John NOLAN,
*Plaintiff,*
*and*

Jani NOLAN,
*Respondent on Review,*

*v.*

MT. BACHELOR, INC.,
an Oregon corporation,
*Petitioner on Review.*

(CC 87-CV-0190-WE; CA A61234; SC S39723)

856 P2d 305

Dennis James Hubel, of Karnopp, Petersen, Noteboom, Hubel, Hansen & Arnett, Bend, argued the cause for petitioner on review. With him on the petition was Howard G. Arnett.

Wade V. Regier, Portland, argued the cause for respondent on review and filed a response to the petition.

E. Richard Bodyfelt and Peter R. Chamberlain, of Bodyfelt Mount Stroup & Chamberlain, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Laura Van Harlingen Potter, of Martin, Bischoff, Templeton, Langslet & Hoffman, Portland, filed a brief on behalf of *amicus curiae* Outdoor Recreation Coalition of America, Inc.

Elden M. Rosenthal, of Rosenthal & Greene, P.C., Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

GRABER, J.

**GRABER, J.**

This case involves interpretation of the Oregon skiing activities law, ORS 30.970 *et seq*. ORS 30.970 provides in part:

"As used in 30.970 to 30.990:

"(1) 'Inherent risks of skiing' includes, but is not limited to, those dangers or conditions which are an integral part of the sport, such as changing weather conditions, variations or steepness in terrain, snow or ice conditions, surface or subsurface conditions, bare spots, creeks and gullies, forest growth, rocks, stumps, lift towers and other structures and their components, collisions with other skiers and a skier's failure to ski within the skier's own ability.

"* * * * *

"(3) 'Skier' means any person who is in a ski area for the purpose of engaging in the sport of skiing or who rides as a passenger on any ski lift device.

"(4) 'Ski area' means any area designated and maintained by a ski area operator for skiing.

"(5) 'Ski area operator' means those persons, and their agents, officers, employees or representatives, who operate a ski area."

ORS 30.975 provides:

"In accordance with ORS 18.470[1] and notwithstanding ORS 18.475(2),[2] an individual who engages in the sport of skiing, alpine or nordic, accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected or necessary."

Defendant is a corporation that operates a ski area. While taking a skiing lesson from a ski instructor employed by defendant, plaintiff collided with a second ski instructor

---

[1] ORS 18.470 provides:

"Contributory negligence shall not bar recovery in an action by any person or the legal representative of the person to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

[2] ORS 18.475(2) provides:

"The doctrine of implied assumption of the risk is abolished."

employed by defendant. Plaintiff and her husband brought this action against defendant, alleging, as material here, that plaintiff's collision with the second ski instructor resulted from the negligence of that ski instructor while he was acting in the course and scope of his employment.[3]

A jury returned a verdict for defendant, and the trial court entered judgment accordingly. Plaintiff appealed.[4] She argued that the trial court erred in instructing the jury that an individual who engages in the sport of skiing accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected, or necessary. Plaintiff also argued that the trial court erred in submitting to the jury a verdict form instructing the jury that, if plaintiff's injury was caused by an inherent risk of skiing, its verdict must be for defendant. Finally, plaintiff argued that the trial court erred in admitting certain evidence.

The Court of Appeals held that the trial court did not err in instructing the jury that an individual who engages in the sport of skiing accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected, or necessary and that it did not err in admitting the challenged evidence. *Nolan v. Mt. Bachelor, Inc.*, 115 Or App 27, 31, 836 P2d 770 (1992). The Court of Appeals held, however, that, although the skiing activities law "shields ski area operators from liability for collisions between customers," it does not shield ski operators from liability for a collision caused by the negligence of an employee of a ski area operator. As a result, the court held, the trial court erred in submitting the challenged verdict form to the jury. *Id.* at 30-31. The Court of Appeals reversed and remanded the case for a new trial. *Id.* at 31.

Defendant petitioned this court for review. We allowed the petition to answer the questions of statutory interpretation presented[5] and now affirm the decision of the Court of Appeals.

---

[3] Plaintiff alleged that the ski instructor was negligent in failing to "maintain a reasonable and proper lookout in order to avoid colliding with" plaintiff; in failing to "ski under reasonable control"; in failing to "grant the right-of-way" to plaintiff as he was overtaking her; and in failing to warn plaintiff in time for her to avoid the collision.

[4] Plaintiff's husband did not join the appeal.

[5] Plaintiff did not seek review of the evidentiary issue, and we do not consider it.

■■     In interpreting a statute, our task is to discern the intent of the legislature. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174-75, 818 P2d 1270 (1991). We begin with the text and context of the statute. ORS 174.010; *Sanders v. Oregon Pacific State Ins. Co.*, 314 Or 521, 527, 840 P2d 87 (1992). Whenever possible, provisions of a statute are construed so as to give effect to each. *Ibid.*

■     We first consider whether the trial court erred in instructing the jury that an individual who engages in the sport of skiing accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected, or necessary.[6] Defendant argues that the giving of the instruction was proper, because plaintiff's alleged injury was the result of a collision with another skier. *See* ORS 30.970(1) ("inherent risks of skiing" includes "collisions with other skiers"); ORS 30.975 (an individual who engages in the sport of skiing accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected, or necessary). We agree with defendant that the trial court's instruction was proper, but for a different reason.

ORS 30.970(3) defines a "skier" in part as "any person who is in a ski area for the purpose of engaging in the sport of skiing." A ski instructor who is skiing is a "skier" — that is, a person "in a ski area for the purpose of engaging in

---

[6] The court's instruction to the jury on that issue was as follows:

"The first instruction regards inherent risks of skiing. Oregon law provides that there are inherent risks of skiing. Inherent risks include, but are not limited to, those dangers or conditions which are an integral part of the sport, such as changing weather conditions, variations or steepness in terrain, snow or ice conditions, surface or subsurface conditions, bare spots, creeks and gullies, forest growth, rocks, stumps, lift towers and other structures and their components, collisions with other skiers and a skier's failure to ski within the skier's own ability.

"Now an individual who engages in the sport of Alpine skiing accepts and assumes the inherent risks of skiing, but only insofar as they are reasonably obvious, expected, or necessary. Whether a person has assumed the risk of being injured while skiing is a question which must be decided by you based upon the evidence in the case. To determine whether or not the Plaintiff assumed the risk of being injured in this case, you must determine whether or not the event which is alleged to have caused injury to Plaintiff was reasonably obvious, expected, or a necessary part of the activity in which she was involved at the time.

"In determining whether a risk of skiing is reasonably obvious, expected, or necessary, you should determine what a reasonable person, under all of the circumstances existing at the time of the alleged collision, would consider is reasonably obvious, expected, and necessary."

the sport of skiing." However, the ski instructor in this case also, and more particularly, was an employee of defendant. *See* ORS 30.970(5) (defining a "ski area operator" as "those persons, and their agents, officers, *employees* or representatives, who operate a ski area" (emphasis added)).[7] Reading ORS 30.970(3) and (5) so as to harmonize them and give effect to each, we conclude that the ski instructor with whom plaintiff collided is, for the purposes of the skiing activities law, a "ski area operator" within the meaning of ORS 30.970(5). In other words, under the skiing activities law, the vicarious liability of a ski area operator for the negligence of its employee is not removed solely by the fact that the employee happens to be a skier. The collision between plaintiff and the ski instructor employed by defendant was not an "inherent risk of skiing" by reason of being a collision with another skier.

Defendant also argues, however, and we agree, that the jury in this case could have found from the evidence presented that *other* inherent risks of skiing contributed to plaintiff's injury, if any. There was evidence regarding the steepness of the ski slope, the skiers' speed, the existence of hard-packed snow where plaintiff fell, and plaintiff's own manner of skiing. Slippery or hard-packed snow, steep terrain, and plaintiff's own failure to ski under control are inherent risks of skiing. *See* ORS 30.970(1) (identifying "steepness in terrain," "snow * * * conditions," and "a skier's failure to ski within the skier's own ability" as inherent risks of skiing).

The trial court instructed the jury that the inherent risks of skiing "include, but are not limited to,"[8] the statutory factors enumerated in ORS 30.970(1) and that an individual who engages in the sport of skiing accepts and assumes those risks "insofar as they are reasonably obvious, expected or necessary," ORS 30.975. The trial court did not err in so instructing the jury.

---

[7] Defendant concedes that the ski instructor was defendant's employee and that he was acting within the scope of his employment at the time of his collision with plaintiff.

[8] The statutory list of "inherent risks of skiing" is not exclusive. *See* ORS 30.970(1) (inherent risks of skiing include, but are not limited to, enumerated factors).

■     We next consider whether the trial court erred in submitting to the jury a verdict form instructing the jury that, if "the injury, if any, to [plaintiff was] caused by an inherent risk of skiing which was reasonably obvious, expected, or necessary," its verdict must be for defendant. We conclude that the court did err in that respect.

As noted above, ORS 30.975 provides that an individual who engages in the sport of skiing accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected, or necessary. ORS 30.975 also provides, however, that a plaintiff assumes those inherent risks "[i]n accordance with ORS 18.470," Oregon's comparative negligence statute. This court is not free to ignore the legislature's inclusion, in ORS 30.975, of a reference to ORS 18.470. *See* ORS 174.010 (in construing a statute, the court shall not omit what has been inserted).

The reference to ORS 18.470 in the skiing activities statute suggests that the legislature contemplated the possibility that a skier's injury might result in part from an inherent risk of skiing and in part from the skier's own or another's negligence. The legislative history of the skiing activities statute confirms that interpretation. *See State ex rel Juv. Dept. v. Smith*, 316 Or 646, 651, 853 P2d 282 (1993) (where text of statute suggested a particular interpretation, court looked to legislative history of statute for confirmation).

ORS 30.970 *et seq* was enacted in 1979 as Senate Bill 329. Or Laws 1979, ch 665. A Measure Analysis of SB 329, prepared for the House Committee on the Judiciary, stated in part:

"The purpose of the bill is to limit the liability of ski area operators to those injuries occurring as a result of the negligence of the ski area operator and to bar recovery by a skier for injuries occurring as a result of the skier's negligence or the inherent risks of skiing.

"* * * * *

"Section 2 of the bill clarifies that, in accordance with ORS 18.470, which establishes comparative negligence, and notwithstanding ORS 18.475, which eliminates the doctrine of implied assumption of risk, a skier assumes the inherent risks of skiing insofar as they are obvious, expected, or necessary. To the extent an injury is caused by an inherent

risk of skiing a skier will not recover against a ski area operator; to the extent an injury is a result of negligence, comparative negligence applies." Measure Analysis, Bill File, 1979 SB 329.

*See also* Minutes, House Committee on the Judiciary, June 8, 1979, pp 8-9, 17 (member of the committee explained that SB 329 "clearly allowed for the situation where there may be injury caused by a combination of the assumption of the inherent risk by the skier and of area operator negligence"; where the injury is due "solely" to assumed risks, recovery is barred; "if there is negligence on the part of the operator and negligence on the part of the skier," comparative negligence applies).

In this case, plaintiff alleged that defendant ski area operator was negligent by way of the conduct of its employee, a ski instructor. In response, defendant alleged, as alternative affirmative defenses, that plaintiff's injury, if any, was the result of (a) one or more inherent risks of skiing and (b) plaintiff's own negligence in various respects.[9] The jury in this case was entitled to find that plaintiff's injury resulted from any, some, or all of those causes. Because the verdict form submitted to the jury precluded the jury from considering any negligence of defendant or plaintiff if the jury found that plaintiff's injury was caused in *any* part by an inherent risk of skiing, the trial court erred in submitting that verdict form to the jury.

■     A verdict form is similar to an instruction in the sense that the court submits it to the jury and requires the jury to follow it.[10] An error in a verdict form, like an "[i]nstructional error[,] is reversible if the [verdict form]

---

[9] Defendant alleged that plaintiff was negligent in "[f]ailing to maintain reasonable control of her speed," in "[f]ailing to maintain a proper lookout for other skiers," and in [f]ailing to maintain a proper control of her course as she skied down the trail."

[10] The trial court gave this instruction to the jury regarding the use of the verdict form:

"Now, you're going to have the following verdict form in the jury room with you. There's just one of them and it's got — I think there's seven questions on it that you're to — to consider. But it's important to remember a couple of things about it. I'm not going to read it to you, but it starts with — it's presented in a logical order and *you're to answer each of these questions one at a time in the order that they appear on the verdict form.*" (Emphasis added.)

'probably created an erroneous impression of the law in the minds of the jurors which affected the outcome of the case.' *Waterway Terminals v. P.S. Lord*, 256 Or 361, 370, 474 P2d 309 (1970)." *Combs v. Loebner*, 315 Or 444, 451, 846 P2d 401 (1993). Here, the error in the verdict form was prejudicial, because there was evidence from which the jury could have found that defendant's or plaintiff's negligence caused injury to plaintiff. As a result, plaintiff is entitled to a new trial.

In a case involving comparative negligence and inherent risks of skiing, in which the plaintiff was engaged in the sport of skiing when allegedly injured, there are three factors for the jury to consider. The jury should first decide whether the defendant was negligent in one or more of the ways alleged by the plaintiff and, if so, whether such negligence was a cause of damage to the plaintiff. If the answer is "no," then the jury's verdict is for the defendant. (One of many possible reasons for the jury to answer "no" is a finding that the plaintiff's damage was caused *entirely* by one or more inherent risks of skiing that were reasonably obvious, expected, or necessary.)

If the answer to that question is "yes," then the jury should decide the percentage. The jury should go on to decide whether the plaintiff was negligent in one or more of the ways alleged by the defendant and, if so, whether such negligence was a cause of damage to the plaintiff and the percentage. The jury also should decide whether the plaintiff's damage was caused in part by one or more inherent risks of skiing that were reasonably obvious, expected, or necessary and, if so, the percentage. The percentages that represent the extent to which each factor (the defendant's negligence, the plaintiff's negligence, and inherent risks of skiing) was a cause of damage to the plaintiff must add up to 100 percent. After the verdict is returned, the trial court applies ORS 18.470 to determine whether the plaintiff is entitled to any damages from the defendant and, if so, the amount.

In summary, the trial court did not err in instructing the jury that an individual who engages in the sport of skiing accepts and assumes the inherent risks of skiing insofar as they are reasonably obvious, expected, or necessary. However, the trial court erred in using a verdict form that precluded the jury from considering defendant's or plaintiff's

negligence if the jury found that plaintiff's injury was caused only in part by one or more inherent risks of skiing, and that error was prejudicial. Accordingly, plaintiff is entitled to a new trial.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court.