Argued and submitted September 8, 1997, decision of Court of Appeals and
judgment of circuit court affirmed May 20, 1999

In the Matter of the Marriage of

Royal Melvin SLEEPER,
*Respondent on Review,*

*and*

Rose Mistyca SLEEPER,
nka Rose Mistyca Madris,
*Petitioner on Review.*

(CC 9403-62065; CA A89844; SC S43959)

982 P2d 1126

George W. Kelly, Eugene, argued the cause and filed the petition for petitioner on review.

Philip F. Schuster, II, of Dierking & Schuster, Portland, argued the cause and filed the brief on the merits for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

KULONGOSKI, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

## KULONGOSKI, J.

In this marital dissolution action, the circuit court awarded custody of the parties' two children to husband. Wife appealed, assigning error to that award of custody. She denied that husband was the biological father of the children and argued that, because the custody dispute involved a biological parent and a person who is not a biological parent, the "compelling reasons" standard announced in *Hruby and Hruby*, 304 Or 500, 516, 748 P2d 57 (1987), discussed below, should be used in determining custody. Husband argued that the *Hruby* standard was not applicable, because wife was estopped from denying husband's paternity. In the alternative, husband argued that, given the child-parent relationship that he has with both children, ORS 109.119 confers on him substantive custodial rights as a stepparent and requires use of the "best interests of the child" standard, ORS 107.137, in determining custody.

The Court of Appeals agreed with husband that wife was estopped from denying husband's paternity. Accordingly, that court applied the "best interests of the child" standard and affirmed the circuit court's award of custody to father. *Sleeper and Sleeper*, 145 Or App 165, 929 P2d 1028 (1997). As we explain below, we affirm the decision of the Court of Appeals on other grounds and affirm the judgment of the circuit court.

■ The Court of Appeals reviewed this case *de novo*, as required by *former* ORS 19.125 (1995), *renumbered as* ORS 19.415 (1997). Pursuant to that statute, this court may review *de novo* or it may limit its review to questions of law. The facts relevant to the resolution of the issues before us are not in dispute, although their legal significance is. Accordingly, there is no reason to review *de novo*. *See Denton and Denton*, 326 Or 236, 238, 951 P2d 693 (1998) (so stating under analogous circumstances). We therefore limit our review to questions of law. We take the following undisputed facts from the opinion of the Court of Appeals and from the record.

Husband had a vasectomy in 1977. Husband and wife married in 1980. Both parties worked outside the home

until 1987, excluding a period of time in 1982 when wife did not work outside the home because she was recuperating from an accident. In 1987, husband suffered a heart attack and stopped working. Wife continued to work outside the home except for a brief period immediately after the birth of each of the two children.

Husband is not the biological father of either child. After failed attempts at artificial insemination, wife had a brief extra-marital relationship that produced a child in April 1989. About one year later, husband and wife separated. Wife went to California, leaving the child with husband. While in California, wife had another extra-marital relationship that produced a child in August 1991. Wife then returned from California, and the parties again began living together.

Husband was the primary caretaker of both children throughout the marriage. He provided for the physical and emotional needs of both children on a daily basis. Wife had only sporadic contact with the children. The Court of Appeals, on *de novo* review, found that husband "has established emotional ties creating a child-parent relationship with the minor children and is their psychological father having provided them with their physical and emotional needs on a daily basis since their birth." *Sleeper*, 145 Or App at 168.

The parties continued to live together until August 1993, when wife left the family home. Husband petitioned for dissolution of the marriage and for custody of the children. The circuit court awarded husband temporary custody of both children. Later, the court awarded him permanent custody. Wife appealed, and the Court of Appeals affirmed. We allowed wife's petition for review.

ORS 109.119 provides, in part:

"(1) Any person, including but not limited to a related or nonrelated foster parent, stepparent or relative by blood or marriage who has established emotional ties creating a child-parent relationship or an ongoing personal relationship with a child, or any legal grandparent may petition or file a motion for intervention with the court having jurisdiction over the custody, placement, guardianship or wardship of that child, or if no such proceedings are pending, may

petition the court for the county in which the minor child resides for an order providing for relief under subsection (2) of this section.

"(2)(a)  If the court determines that a child-parent relationship exists and if the court determines by a preponderance of the evidence that custody, guardianship, right of visitation, or other generally recognized right of a parent or person in loco parentis, is appropriate in the case, the court shall grant such custody, guardianship, right of visitation or other right to the person, if to do so is in the best interest of the child. The court may determine temporary custody of the child or temporary visitation rights under this paragraph pending a final order.

"* * * * *

"(3)  In addition to the rights granted under subsection (1) or (2) of this section, a stepparent with a child-parent relationship who is a party in a dissolution proceeding may petition the court having jurisdiction for custody or visitation or may petition the court for the county in which the minor child resides for adoption of the child. The stepparent may also file for post decree modification of a decree relating to child custody.

"(4)(a)  A motion for intervention filed by a person other than a legal grandparent may be denied or a petition may be dismissed on the motion of any party or on the court's own motion if the petition does not state a prima facie case of emotional ties creating a child-parent relationship or ongoing personal relationship or does not allege facts that the intervention is in the best interests of the child.

"* * * * *

"(5)  As used in this section:

"(a)  'Child-parent relationship' means a relationship that exists or did exist, in whole or in part, within the six months preceding the filing of an action under this section, and in which relationship a person having physical custody of a child or residing in the same household as the child supplied, or otherwise made available to the child, food, clothing, shelter and incidental necessaries and provided the child with necessary care, education and discipline, and which relationship continued on a day-to-day basis,

through interaction, companionship, interplay and mutuality, that fulfilled the child's psychological needs for a parent as well as the child's physical needs. * * *"[1]

Husband argues that, although he is not a biological parent of either child, he is a stepparent with a child-parent relationship with those children. Husband further argues that ORS 109.119 governs child custody disputes between a biological parent and a stepparent having a child-parent relationship with the subject minor children. Resolution of the issues presented for decision in this case requires that we construe ORS 109.119.

In interpreting the wording of a statute, this court's task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We discern that intent by first examining the text and context of the statute. *PGE*, 317 Or at 610-11. Effect should be given to all provisions of the statute where possible. ORS 174.010; *Nolan v. Mt. Bachelor, Inc.*, 317 Or 328, 333, 856 P2d 305 (1993). The context of a statute includes "other provisions of the same statute and other related statutes," *PGE*, 317 Or at 611, as well as relevant judicial construction of those statutes. *See Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996) (context includes judicial constructions of earlier versions of relevant statutes). If the legislature's intent is clear from the inquiry into text and context, further inquiry is unnecessary. *PGE*, 317 Or at 611. Applying the foregoing principles, we conclude that the text and context of ORS 109.119 demonstrate clearly that the legislature intended that courts shall use the "best interests of the child" standard in determining custody of minor children in custody disputes between a biological parent and a stepparent with a child-parent relationship with the subject minor child.[2]

---

[1] We quote the 1997 version of ORS 109.119. That statute was enacted in 1985 and amended in 1987, 1993 and 1997. The dispositive sentence of ORS 109.119, what is now the first sentence of subsection (2)(a), originally was added to subsection (1) of ORS 109.119, in 1987. That sentence has remained unchanged since that time, including throughout these proceedings.

[2] In *Hruby and Hruby*, 304 Or 500, 748 P2d 57 (1987), this court interpreted ORS 109.119 (1985). That version of the statute provided, in part:

"(1) Any person including but not limited to a foster parent, stepparent, grandparent or relative by blood or marriage who has established emotional

■ ■   The threshold requirement for application of ORS 109.119 to a custody dispute is a child-parent relationship between a nonbiological parent and the subject child. ORS 109.119(5). Without that child-parent relationship, the procedural and substantive rights conferred by the statute are not available to the nonbiological parent. ORS 109.119(1) to (3). As noted, the Court of Appeals found that husband had established a child-parent relationship with the minor children and is their psychological father. *Sleeper*, 145 Or App at 168. It follows that, under the statute, husband has the right to seek custody.

■■■   Having concluded that ORS 109.119(3) allowed husband to petition for custody, we turn to the issue of the standard that the circuit court should use in determining custody of the subject children. *Hruby*, decided by this court in 1985, directs that

> "courts will deprive natural [*i.e.*, biological] parents of the custody of their children only in order to protect the children from some compelling threat to their present or future well-being." 304 Or at 509.

---

ties creating a child-parent relationship with a child may petition or file a motion for intervention with the court having jurisdiction over the custody, placement or guardianship of that child, or if no such proceedings are pending, may petition the circuit court for the county in which the minor child resides for an order providing for custody or placement of the child or visitation rights or other generally recognized rights of a parent or person in loco parentis. This subsection does not grant any right to petition or file a motion for intervention in any proceeding involving the dissolution of marriage.

"(2)  In addition to the rights granted under subsection (1) of this section, a stepparent with a child-parent relationship, as defined in subsection (5) of this section, who is a party in a dissolution proceeding may petition the court having jurisdiction for custody or visitation or may petition the circuit court for the county in which the minor child resides for adoption of the child. * * *"

The *Hruby* court rejected the argument that ORS 109.119 (1985) applied the "best interests of the child" standard to custody disputes between biological parents and other persons with a child-parent relationship with the subject child. Instead, the court concluded that ORS 109.119 (1985) was a procedural statute only and that it conferred no substantive custodial rights on psychological parents. *Hruby*, 304 Or at 512-16. The *Hruby* court held that

"a natural [*i.e.*, biological] parent has the right to the custody of his or her children, absent a compelling reason for placing the children in the custody of another; the 'best interests of the child' standard applicable to custody disputes between natural parents in a marriage dissolution proceeding is not applicable to custody disputes between natural parents and other persons." *Id.* at 510.

However, it is critical to note the constraints that this court placed on the *Hruby* decision. The court noted:

"ORS 109.119 was enacted in 1985 and amended in 1987. Or Laws 1985, ch 516, § 2; Or Laws 1987, ch 810, § 1. *Because the 1987 amendments did not take effect until after this case was on appeal, they do not drive our decision.*" 304 Or at 511 (emphasis added).

The 1987 amendments to ORS 109.119 added the following sentence to section (1):

"*If the court determines that custody*, guardianship, right of visitation, or other generally recognized right of a parent or person in loco parentis, *is appropriate in the case, the court shall grant such custody*, guardianship, right of visitation or other right *to the person having the child-parent relationship, if to do so is in the best interest of the child.*" Or Laws 1987, ch 810, § 1 (emphasis added).

We hold that the phrase "is appropriate in the case" in the 1987 amendments to ORS 109.119 did not import the *Hruby* "compelling reasons" standard into the statute, contrary to the Court of Appeals' conclusion in *Shofner and Shofner*, 137 Or App 543, 550-51, 905 P2d 268 (1995). Rather, addition of the phrase "is appropriate in the case" to ORS 109.119(1) requires the court to examine the circumstances surrounding the custody dispute and to determine whether the best interests of the child call for an award of custody to the nonbiological parent. If the best interests of the child call for custody to the nonbiological parent, then the court must make such award, unless to do so would violate some supervening right belonging to the biological parent. In this case, mother relies solely on her assertion that the *Hruby* "compelling reasons" standard applies to this custody dispute. That assertion is incorrect, as discussed above.

The circuit court found that it was in the best interests of the children to remain in the custody of the husband. The Court of Appeals decided, on *de novo* review, that it was in the best interests of the children to remain in husband's custody. *Sleeper*, 145 Or App at 174. That was the appropriate legal standard, and the record supports the Court of Appeals' factual determinations under that standard. It follows that, although the legal rationale given by that court is

not the one that we follow in our analysis, the court's conclusion nonetheless was correct.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.