Argued and submitted September 8, 1997, decision of Court of Appeals affirmed
May 20, 1999

In the Matter of the Marriage of

Daniel H. MOORE,
*Respondent on Review,*

*and*

Kristy M. MOORE,
*Petitioner on Review.*

(CC 94DO-0062-MS; CA A91175; SC S44155)

982 P2d 1131

Charles P. Denkers, Portland, argued the cause and filed the petition for petitioner on review.

Greg O'Neill, Bend, argued the cause and filed the brief on the merits for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

KULONGOSKI, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

**KULONGOSKI, J.**

In this marital dissolution action, the circuit court awarded custody of the child to wife, based in part on the fact that husband is not the biological father of the child. Husband appealed, assigning error to that award of custody. Husband argued that wife was estopped from denying his paternity and that the "best interests of the child" standard, ORS 107.137, should be used in determining custody rather than the "compelling reasons" standard announced in *Hruby and Hruby*, 304 Or 500, 516, 748 P2d 57 (1987). In the alternative, husband argued that, given the child-parent relationship that he has with the child, ORS 109.119 requires use of the "best interests of the child" standard in determining custody. The Court of Appeals concluded that wife was estopped from denying husband's paternity. Accordingly, that court applied the "best interests of the child" standard and awarded custody to father. *Moore and Moore*, 146 Or App 661, 663, 934 P2d 572 (1997). We allowed wife's petition for review. As we explain below, we decide this case under the rule of law contained in ORS 109.119 and explicated today in *Sleeper and Sleeper*, 328 Or 504, 511, 982 P2d 1126 (1999), and we affirm the decision of the Court of Appeals.

The Court of Appeals reviewed this case *de novo*, as required by *former* ORS 19.125 (1993), *renumbered as* ORS 19.415 (1997). Pursuant to that statute, this court may review *de novo* or it may limit its review to questions of law. The facts relevant to the resolution of the issues before us are not in dispute, although their legal significance is. Accordingly, there is no reason to review *de novo*. *See Denton and Denton*, 326 Or 236, 238, 951 P2d 693 (1998) (so stating under analogous circumstances). We therefore limit our review to questions of law. We take the following undisputed facts from the opinion of the Court of Appeals and from the record.

In August 1990, while unmarried, wife became pregnant. Wife was 17 at the time, and husband was 18. Wife and husband began living together. The child was born on June 3, 1991. Husband and wife married on July 4, 1991.

In August 1991, the parties temporarily separated. During that separation, husband provided some support to wife and the child. Wife also applied for and received Aid to Dependent Children for herself and the child. As a result of that application, the Support Enforcement Division of the Oregon Department of Justice initiated proceedings against husband, ultimately requiring him to pay child support.

Husband and wife reconciled in December 1991, resumed living together, and separated for the last time in September 1992. Wife and child moved to Washington, and husband visited the child there, although the parties disagree as to how often he did so. In October 1993, pursuant to a written agreement, wife gave husband temporary custody of the child. In December 1993, wife appeared with the police at husband's residence, denied signing the temporary custody agreement, and demanded return of the child. The child then lived with wife until February 1994, when husband again obtained physical custody.

Husband then petitioned for dissolution of the marriage and for permanent custody of the child. In opposition, wife filed an affidavit claiming that husband was not the biological father. Following a hearing on the issue of paternity, the circuit court granted temporary custody to husband. The court later ordered husband to submit to a paternity test. The results of that test indicated that husband was not the child's biological father.

The circuit court, over husband's motion to exclude, allowed evidence refuting his paternity. The circuit court found that husband was the psychological, but not the biological, father of the child. The court then concluded that compelling reasons did not exist to award custody to husband, and the court awarded custody to wife. Husband appealed, and the Court of Appeals reversed. *Moore*, 146 Or App at 674. We allowed wife's petition for review.

■■ Husband is correct that ORS 109.119 governs this custody dispute. That statute controls in a child custody dispute between a biological parent and a stepparent having a child-parent relationship with the subject minor child. *Sleeper*, 328 Or at 509-10. ORS 109.119 further provides that the "best interests of the child" standard shall be used in

determining custody in such disputes. *See Sleeper*, 328 Or at 509 (so holding). Here, husband can avail himself of the procedural and substantive rights granted by ORS 109.119, because he has established a child-parent relationship with the subject minor child, ORS 109.119(5), as the Court of Appeals determined:

> "[W]ife allowed sufficient time to pass before challenging husband's paternity for husband and the child to develop a parent-child relationship. Husband testified that he loved the child from the moment he was born. Before the parties' final separation, the child had lived with husband off and on for about one year. During that time, husband took an active role in the child's care when he was not at work. After the parties' final separation, when the child was one-and-one-half years old, husband had long, although sporadic, visits with the child." *Moore*, 146 Or App at 669.

Here, the Court of Appeals decided, on *de novo* review, that it was in the best interests of the child to remain in husband's custody. *Moore*, 146 Or App at 669-74. That was the appropriate legal standard, and the record supports the Court of Appeals' factual determinations under that standard. It follows that, although the legal rationale given by that court is not the one that we follow in our analysis, the court's conclusion nonetheless was correct.

The decision of the Court of Appeals is affirmed.