AETNA LIFE & CASUALTY COMPANY, Plaintiff-Appellant, *v.* SAL E. LOBIANCO & SON CO., INC., *et al.*, Defendants-Appellees.

Second District (1st Division)   No. 74-347

Opinion filed November 15, 1976.

D. Kenneth Griffith and Richard W. Sandrok, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

Gates W. Clancy and James S. Mills, both of Geneva, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Aetna Life & Casualty Company, paid its insureds, William P. and Mary W. Snellbaker, for the fire loss of their home and its contents. As subrogee of the homeowners, Aetna sued the general contractor[1] and the masonry contractor alleging that the fire resulted from their negligent construction of the home. The trial judge granted the masonry contractor's motion to dismiss upon his plea of the bar of the five-year statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 16). Plaintiff Aetna appeals from the dismissal order made final and appealable pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)).

The complaint alleges that the dwelling was constructed "prior to January 4, 1972" by the defendant, Sal E. Lobianco & Son Co., Inc., as general contractor and James Patterman as the masonry subcontractor. It appears from the affidavit of Patterman that his work was performed "in 1966 and 1967." His work included the masonry work on the fireplace. The Snellbakers purchased the home on an unspecified date in 1971. On January 4, 1972, the plaintiff alleges that the insured homeowners started a

---

[1] The case against the general contractor is not before us.

fire in the fireplace and that after a short time the walls behind the fireplace broke into flames which spread and caused extensive damage to the home and personal property of the homeowners. The original complaint was filed on January 28, 1974.

The motion to dismiss pleaded the bar of section 15 of the Limitations Act which relates to damages "for an injury done to property, real or personal," and requires suit to be commenced "within 5 years next after the cause of action accrued." Ill. Rev. Stat. 1973, ch. 83, par. 16.

Plaintiff Aetna contends that the cause of action accrued in 1971 when the Snellbakers first acquired property rights in the home and thus that the complaint filed in 1974 was not barred by the five-year limitation statute. It further contends that in the event we find that the cause of action accrued at the time the masonry work was completed in 1967, the "discovery rule" should be applied to mark the beginning of the limitations period at a time when the homeowners allegedly first knew or should have known of the negligence of the defendant, *i.e.*, when the fire broke out in 1972.

Defendant contends that any cause of action for property damage due to negligent construction accrued at the time of construction in 1967 and was thus barred in 1974. He argues that policy considerations do not favor applying the discovery rule against the masonry contractor.

To determine when plaintiff's cause of action "accrued," we must first determine the nature and elements of the action.

■■ Stated generally, a cause of action accrues so as to mark the beginning of the limitation period "when facts exist which authorize one party to maintain an action against another." (*Davis v. Munie*, 235 Ill. 620, 622 (1908).) Otherwise stated, "[a] cause of action must have existence before it can be barred." (*Schweickhardt v. Jokers*, 250 Ill. App. 77, 81 (1928).) Since "[t]he purpose of a statute of limitations is certainly not to shield a wrongdoer; rather it is to discourage the presentation of stale claims and to encourage diligence in the bringing of actions * * *" (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 137 (1975)), it follows that a statute of limitations " * * * does not commence to run until the party to be barred has a right to invoke the aid of the court to enforce his remedy." *Maxwell v. Nieft*, 313 Ill. App. 354, 356 (1942).

The cause of action which the plaintiff pleads in this case is, of course, that of the homeowner subrogors, who had no contractual relationship with the contractors. The masonry contractor is charged with a breach of duty to use reasonable care in the construction of the fireplace allegedly resulting in the fire which damaged the home and its contents. The action fairly may be characterized as an action purely in tort, not based on contract, which alleges negligence resulting in property damage.

■■ A cause of action based on negligence is ordinarily said to accrue when all the elements of the legal duty, breach and resulting injury are present. (*Coumoulas v. Service Gas, Inc.*, 10 Ill. App. 3d 273, 274 (1973).) As noted in *Schmidt v. Merchants Despatch Transportation Co.*, 270 N.Y. 287, 300, 200 N.E. 824, 827 (1936), a leading New York Court of Appeals decision, "There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury. Otherwise, in extreme cases, a cause of action might be barred before liability arose."

■■ "A plaintiff's cause of action in tort ordinarily accrues at the time his interest is invaded,—where the defendant's alleged breach of duty causes the plaintiff to suffer pain the invasion of his interest is manifest as soon as it occurs and he has a ripe cause of action then,—and the mere fact the extent of his damage is not immediately manifest does not postpone the accrual of the cause of action." (*Reat v. Illinois Central R.R. Co.*, 47 Ill. App. 2d 267, 271-72 (1964).) Thus, the rule was early established in Illinois that where the negligent act results in personal injury, the action accrues on the day of the injury. *Leroy v. City of Springfield*, 81 Ill. 114, 115-16 (1876).

However, a different rule evolved for actions in tort which arose from contractual obligations. In torts arising from contract the statute of limitations has been held to begin to run at the time of the breach of duty constituting the tort and not when damages ensue. (See *Pennsylvania Co. v. Chicago, Milwaukee & St. Paul Ry. Co.*, 144 Ill. 197, 202 (1893).)[2] The rule that an action for tort arising out of a contract accrues at the time of the breach of duty is an essential one for several reasons. First, the breach itself is actionable and it encourages the party to act within five years of an actionable breach rather than to delay until damages increase. The rule also recognizes that plaintiff has chosen to deal with the defendant and that a contract may be stated in terms to minimize losses from defective performance. (See *Gates Rubber Co. v. U.S.M. Corp.*, 508 F.2d 603, 613 (7th Cir. 1975).) However, where the plaintiff has no contractual relationship with the defendant and no control over his actions and must succeed in a cause of action grounded on negligence, it does not seem logical to say that his cause of action accrued at a time when he not only had not been injured by the defendant's conduct but also at a time when he had no legal rights which had been invaded by the defendant.

---

[2] Illustrative of cases involving torts arising out of contracts with resulting damage to property in which the injury occurred on the date of the breach of duty which thus marked the beginning of the limitations period even though the full extent of the injury was not then sustained are: *Austin v. House of Vision, Inc.*, 101 Ill. App. 2d 251, 256 (1968); *Sabath v. Morris Handler Co.*, 102 Ill. App. 2d 218, 229 (1968); *Coumoulas v. Service Gas, Inc.*, 10 Ill. App. 3d 273, 274. These cases demonstrate that due to the contractual relationship between the parties at the time the contract was breached, plaintiff had suffered an actionable injury whether the theory of his complaint was negligence or breach of contract.

As applied to this case, it would obviously be unjust to hold that the cause of action in tort for property damage accrued and started the limitations statute running at the time of the masonry contractor's alleged negligent performance of his contract with the original builder so as to deprive the homeowner who did not participate in the building contract of an action against the alleged tortfeasor.

A number of cases in other jurisdictions involving property damages resulting from alleged negligent construction of buildings have reached the result that a limitations statute does not start running against a third party who did not participate in the building contract until he acquired a right to bring an action. In *Hunt v. Star Photo Finishing Co.*, 115 Ga. App. 1, 153 S.E.2d 602, 605 (1967), the cause of action to recover for damages alleged to have resulted from the negligent design and construction of a roof which collapsed did not accrue as to the plaintiff Hunt, who did not acquire any interest in the premises until six years after the building was constructed, until the roof fell and Hunt thereby suffered property damage. The prior collapse of a similar roof had led to the decision in *Wellston Co. v. Sam N. Hodges, Jr., & Co.*, 114 Ga. App. 424, 151 S.E.2d 481 (1966), holding that the cause of action had accrued at the time of the negligent design and construction of the building. In *Hunt*, however, the court distinguished *Wellston* by noting that in the *Wellston* case the suit was by a party to the building agreement who was entitled to file a suit for the breach of the contract without regard to whether any actual damage had in fact resulted. The rule of *Hunt* holding that the cause of action accrued on the date of the roof collapse was subsequently followed in *Welding Products v. S.D. Mullins Co.*, 127 Ga. App. 474, 193 S.E.2d 881, 884 (1972). See also related cases of *Caroline Realty Investment, Inc. v. Kuniansky*, 127 Ga. App. 478, 194 S.E.2d 291 (1972), and *Welding Products v. Kuniansky*, 125 Ga. App. 537, 188 S.E.2d 278 (1972).

In *American States Insurance Co. v. Taubman Co.*, 352 F. Supp. 197, 201 (E. D. Mich. 1972), the district court applied Michigan law to reach the conclusion that the cause of action for property damages accrues "at the point in time when the wrong has occurred and some damage has resulted." The case involved claims brought by the insurers of the owners and the tenants of a shopping center after a fire had allegedly resulted from a defective lighting fixture. The cause of action of the owners, who were parties to the construction contract, was held to be barred but the cause of action of the tenants, who were not parties to the contract, was held not to be barred. *Cf. Durant v. Grange Silo Co.*, 207 N.Y.S.2d 691, 692, 12 App. Div. 2d 694 (1960), and *Theurer v. Condon*, 34 Wash. 2d 448, 209 P.2d 311, 315 (1949).

In *Howard v. United Fuel Gas Co.*, 248 F. Supp. 527, 531 (S.D. W.Va. 1965), claims for personal injury and for property damage resulted from a

gas explosion in a home. The court held that the right of action for the alleged negligent installation of the gas pipings accrued upon the explosion date rather than when the defective piping was installed as to the tort action; but that the claim asserted for alleged breach of an implied warranty of fitness accrued when the pipes were installed which took place more than five years before the commencement of suit and was barred by a five-year limitation statute.

The rule of these cases, that a cause of action for property damage sounding in tort and not arising from contract accrues at the time the plaintiff suffers some injury, appears to be consistent with Illinois case law. We have already noted that it is well established in Illinois law that a cause of action for personal injury resulting from tort accrues on the day of the injury (see *e.g., Leroy v. City of Springfield*, 81 Ill. 114); while in the case of tort arising from contract the statute of limitations begins to run at the time of the breach of duty. (*Pennsylvania Co. v. Chicago, Milwaukee & St. Paul Ry. Co.*, 144 Ill. 197.) When the personal injury is not discoverable or reasonably discoverable the Illinois courts have noted the injustice of barring a cause of action before the injured party knows that he has it and have postponed the running of the statute of limitations to avoid injustice. See, *e.g., Lipsey v. Michael Reese Hospital*, 46 Ill. 2d 32 (1970).

Relative to the issue before us we have found no Illinois cases clearly establishing when a cause of action for property damage in tort apart from any contract accrues. However, we note that the Illinois cases have enunciated a rule similar to that stated in *Howard v. United Fuel Gas Co.*, 248 F. Supp. 527, 530 (S.D. W.Va. 1965). Where a structure has been erected either on or next to real property which causes permanent injury to the land by its mere erection, existence and reasonably anticipated operation, a cause of action accrues when the structure is built. If the plaintiff's predecessor has not brought an action the plaintiff is also barred on the theory that he probably paid less for the property on account of the existence of the structure. (See *La Salle County Carbon Coal Co. v. Sanitary District*, 260 Ill. 423, 429-30 (1913); *Galt v. Chicago & Northwestern Ry. Co.*, 157 Ill. 125, 136-37 (1895).) If on the other hand the existence, maintenance and operation of the structure causes an injury to the plaintiff's property which could not have reasonably been anticipated at the time the structure was erected, the plaintiff's cause of action accrues when his property is injured. *Jones v. Sanitary District*, 252 Ill. 591, 596-601 (1911); *Ohio & Mississippi Ry. Co. v. Wachter*, 123 Ill. 440, 444-45 (1888). See also *Illinois National Bank & Trust Co. v. City of Rockford*, 406 Ill. 11 (1950).

In the Illinois cases governing removal of subterranean support as a result of mining coal, it commonly appears that the party with the mineral

rights negligently has exercised his right to remove minerals from under the real estate of the party who has surface rights. Some time later the surface commences to sink, often causing severe damage to the land and any buildings on the property. The rule is that the cause of action accrues at the time of the first observable subsistence. Clearly the surface owner's right to subterranean support was invaded when the miner negligently removed the minerals failing to leave or supply adequate support for the land above. However, the surface owner suffered no injury until the land actually started to sink. In *Treece v. Southern Gem Coal Corp.*, 245 Ill. App. 113 (1923), the court concluded that the cause of action accrued to the subsequent surface owner when the subsistence occurred. The court reasoned that if the cause of action was held to arise when the subjacent support was removed and before any actual damage had been sustained upon the surface, the method of proof would probably be by the retention of experts to come in and look at the structure immediately after removal. These experts might erroneously conclude that no damage was likely to occur, thus barring recovery for a serious injury which, in fact, later did occur. By the same token the experts might erroneously conclude that substantial damage was likely to occur and cause the jury to make a large award for apprehended damages which might actually never arise. In *Wanless v. Peabody Coal Co.*, 294 Ill. App. 401 (1938), both the removal and the subsistence occurred after the plaintiff took title to the surface land, and the court applied the rule of *Treece*. See also *Savant v. Superior Coal Co.*, 5 Ill. App. 2d 109, 119 (1955).

■■ The two lines of cases just discussed demonstrate that a cause of action for negligent injury to property has been held to have accrued at the time of the injury to the plaintiff's property, even though the defendant's alleged negligent act occurred years earlier. In light of these cases and the well-established rule that a cause of action for negligent injury to the person, sounding purely in tort, accrues at the time of the injury, there would appear to be no logical reason to hold that the instant cause of action for alleged negligent injury to the plaintiff's property, also sounding purely in tort, accrued at the time of defendant's alleged negligent act. (See *Rosenau v. City of New Brunswick*, 51 N.J. 130, 238 A.2d 169, 172-74 (1968), and *Malesev v. Board of County Road Commissioners*, 51 Mich. App. 511, 215 N.W.2d 598, 599 (1974). And compare *Rosenau v. City of New Brunswick*, at 176-77 with *Williams v. Brown Manufacturing Co.*, 45 Ill. 2d 418, 431-32 (1970).) Considering that injury is a necessary element of a cause of action in negligence, to so hold would be to construe section 15 of the statute of limitations in a manner which would bar an action for negligent injury to property before it arises. (*Cf. Skinner v. Anderson*, 38 Ill. 2d 455, 458 (1967).) Such a construction is contrary to the statutory language. In addition, it would

severely restrict the remedy of plaintiffs injured as a result of latent defects in work performed by independent contractors. See *Paul Harris Furniture Co. v. Morse*, 10 Ill. 2d 28, 40 (1956), and cases cited therein. See also *Suvada v. White Motor Co.*, 32 Ill. 2d 612, 617 (1965).

In relation to this case we conclude that the plaintiff's subrogors cause of action for property damage accrued at the time of the injury, that is, when the homeowner subrogors suffered actual damage as a result of the defendant's alleged act or omission. This was at the time of the fire in our view.

*Auster v. Keck*, 63 Ill. 2d 485 (1976), does not bar this result. In *Auster* the case was presented and argued on the assumption that the negligence action against the architect accrued in 1960 when the home was built and that the only way to avoid the bar created by the running of the five-year statute in 1965 would be to apply the "discovery rule." The court was not asked to nor did it decide when the cause of action accrued as to Auster in the sense of when he could bring suit on a separate action for injury to his property distinct from that dependent on the alleged tort arising from the contractual relationship between the architect and prior owners. *Cf. Mitchell v. White Motor Co.*, 58 Ill. 2d 159 (1974).

■■ For the reasons we have stated the cause of action did not accrue as to the subrogor until the occurrence of the fire in 1972 and therefore the suit brought in 1974 was within the five-year statute of limitations covering tortious injury to property. In this view the discovery rule is, of course, irrelevant.

The judgment is therefore reversed and the cause remanded with directions to vacate the order dismissing the complaint and to permit the case to proceed in conformity with this opinion.

Reversed and remanded with directions.

GUILD, P. J., concurs.