No.   93-180

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RICHARD A. WALCH,

       Plaintiff and Appellant,

   v.

UNIVERSITY OF MONTANA and
STATE OF MONTANA,

       Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

               Alan F. Blakley, Attorney at Law, Missoula,
               Montana; Douglas Donald Harris, Harris,
               Callaghan & Velk, Missoula, Montana

       For Respondent:

               Hon. Joseph P. Mazurek, Attorney General;
               James M. Scheier, Asst. Attorney General,
               Agency Legal Services Bureau, Helena, Montana

Submitted on Briefs:   September 2, 1993

Decided:  October 6, 1993

FILED

Filed:   OCT 06 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

Ed Smith

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Richard A. Walch filed this complaint in the District Court for the Fourth Judicial District, Missoula County, to recover damages from defendants, University of Montana and State of Montana, for what he alleged was his wrongful termination from employment at the University of Montana. The District Court granted defendants' motion for summary judgment and entered judgment for defendants, dismissing plaintiff's complaint with prejudice. From that judgment, plaintiff appeals. We affirm the order and judgment of the District Court.

Plaintiff's appeal raises a number of issues. However, we find the following issues dispositive of plaintiff's appeal:

1. Did retired District Judge Jack L. Green have legal authority to grant defendants' motion for summary judgment on January 26, 1993, after his retirement as a District Judge on January 1, 1993?

2. Was plaintiff's claim barred as a matter of law based on the applicable statute of limitations?

### FACTUAL BACKGROUND

On September 5, 1989, plaintiff filed a complaint in the District Court for the Fourth Judicial District of Montana in Missoula County. He alleged that he had been employed at the University of Montana from May 1978 until September 9, 1986, in the University's physical plant. He alleged that he had performed his duties satisfactorily, and based on the covenant of good faith and fair dealing, he had a reasonable expectation of continued

2

employment. He complained that he was notified during 1986 that his position at the University was being terminated because of budgetary requirements, but contended that that statement was untrue and that others were hired to replace him at greater expense. He alleged that his termination from employment at the University constituted a wrongful discharge and violated his employer's covenant of good faith and fair dealing.

For their answer, defendants denied the material allegations of plaintiff's complaint and raised several affirmative defenses, including the bar of the statute of limitations.

After answering plaintiff's complaint, defendants moved the District Court for summary judgment dismissing plaintiff's complaint. In support of their motion, defendants submitted a copy of plaintiff's response to defendants' request for admissions. In his response, plaintiff admitted that Exhibit A, which had been attached to defendants' request, was a true and correct copy of a letter sent to him by F. S. Shandorf, the manager of maintenance services at the University. Plaintiff admitted that he received the letter on August 6 or 7, 1986. In that letter, plaintiff was notified that his employment with the University would be permanently discontinued effective September 10, 1986, and that his last day of employment with the University would be September 9, 1986. Based on that admission, and our decision in *Martin v. Special Resource Management, Inc.* (1990), 246 Mont. 181, 803 P.2d 1086, defendants contended that plaintiff's claim was barred by the

3

statute of limitations as a matter of law. Plaintiff conceded that the *Martin* case was applicable, but claimed that this case should be distinguished, based on his allegation that after receiving the notice of termination he filed a grievance contesting his discharge. His position was that the grievance extended the time of termination until the grievance procedure was concluded and that the procedure was not concluded until he was terminated on September 9 without any further response from the University.

What plaintiff referred to as a grievance was a letter from his attorney to J. A. Parker, plaintiff's supervisor, which was dated September 2, 1986, and stated in relevant part as follows:

Dear Mr. Parker:

In regard the above captioned, I wish to advise that I represent Richard A. Walch and now advise that on his behalf, <u>I will be filing a grievance under policy number 55</u>, Discrimination Grievance Procedure, <u>and/or a Complaint in District Court</u> -vs- you and the University for damages incurred by Richard Walch because of your obvious discrimination against him. This action will be filed after September 9th, 1986, which is the day that your Memo of August 11th, 1986, indicates will be Dick Walch's last day at work. If in fact Dick Walch is cut from the payroll at that time, his damages will start to accrue as of that date. [Emphasis added.]

However, nothing further was filed on behalf of plaintiff until the complaint was filed on September 5, 1989.

On January 26, 1993, several weeks after his retirement as a District Judge, Jack L. Green issued his memorandum and order granting defendants' motion for summary judgment. That order was based on several conclusions of law. However, material to this opinion was the District Court's conclusion that since plaintiff

4

was notified of his termination on August 6, 1986, and he did not file his complaint until September 5, 1989, his cause of action was barred pursuant to our decision in *Martin*.

Judgment for defendants was entered on February 4, 1993, and a timely notice of appeal was filed by plaintiff following entry of judgment.

On appeal, plaintiff raises two arguments which are relevant to this opinion. He contends that since retired Judge Green was not a District Court Judge or judicial officer, he did not have authority to grant summary judgment on January 26, 1993. Therefore, plaintiff reasons that that order is void.

Plaintiff also contends that our decision in *Martin* does not control regarding the issue of the statute of limitations because that case did not involve a statute of limitations. Instead, plaintiff contends that our decision in *Allison v. Jumping Horse Ranch, Inc.* (1992), 255 Mont. 410, 843 P.2d 753, controls, and therefore, his complaint was timely.

### STANDARD OF REVIEW

This Court reviews an order of summary judgment by utilizing the same criteria used by a district court initially under Rule 56, M.R.Civ.P. *Minnie v. City of Roundup* (Mont. 1993), 50 St. Rep. 342, 849 P.2d 212. Pursuant to Rule 56(c), summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.

5

## I.

Did retired District Judge Jack L. Green have legal authority to grant defendants' motion for summary judgment on January 26, 1993, after his retirement as a District Judge on January 1, 1993?

Section 19-5-103, MCA (1991), provides in relevant part that:

(1) Every judge or justice who has voluntarily retired after 8 years of service shall, if physically and mentally able, be subject to call by the supreme court or the chief justice thereof to aid and assist the supreme court, any district court, or any water court under such directions as the supreme court may give, including the examination of the facts, cases, and authorities cited, and the preparation of opinions for and on behalf of the supreme court, district court, or water court, or to serve as water judge. The opinions, when and if and to the extent approved by the court, may by the court be ordered to constitute the opinion of such court. Such court and such retired judge or justice may, subject to any rule which the supreme court may adopt, perform any and all duties preliminary to the final disposition of cases insofar as not inconsistent with the constitution of the state.

We take judicial notice that prior to January 1, 1993, the date on which he retired, Jack L. Green served as a District Judge for the Fourth Judicial District of the State of Montana for over 29 years. Pursuant to the authority of § 19-5-103, MCA, Chief Justice of the Montana Supreme Court, J. A. Turnage, issued the following order:

The Honorable Jack L. Green, former Judge of the Fourth Judicial District of the State of Montana, having retired under the provisions of the Montana Judges Retirement System, and having advised that certain proceedings that were heard by him were not completed on the date of his retirement, and having requested to be reactivated for the purposes of completing such matters,

NOW THEREFORE IT IS ORDERED:

1. The Honorable Jack L. Green is hereby called to active service in the District Court of the Fourth Judicial District of the State of Montana, in and for the

6

County of Missoula, to continue in jurisdiction in the following matters in that court:

Cause No. 71548, Richard A. Walch v. The University of Montana and the State of Montana.

Based on statutory authority and the above order, we conclude that retired Judge Jack L. Green had authority to decide defendants' motion for summary judgment when he issued his memorandum and order on January 26, 1993, and entered judgment for defendants on February 4, 1993.

II.

Was plaintiff's claim barred as a matter of law based on the applicable statute of limitations?

The District Court correctly granted summary judgment for defendants pursuant to our decision in *Martin v. Special Resource Management, Inc.* (1990), 246 Mont. 181, 803 P.2d 1086. In that case, the plaintiff was informed on June 16, 1987, that her employment with the defendant would be terminated as of July 17, 1987. On June 28, 1988, she filed suit alleging wrongful discharge, breach of the implied covenant of good faith and fair dealing, and negligence. The District Court dismissed her common law claims for breach of the implied covenant and negligence, on the basis that they were barred by the Wrongful Discharge from Employment Act (§ 39-2-901 through -914, MCA) which became effective on July 1, 1987. The District Court concluded that her claim for wrongful termination had not fully accrued until her final termination on July 17, 1987.

7

On appeal, we reversed the District Court. We stated that the issue was: "At what point did an actionable cause for termination arise in this case--upon notice of termination or when the termination became effective?"

While acknowledging the general rule that tort actions accrue when all elements, including damages, have occurred, we pointed out that historically tort actions arising from contractual obligations have been treated differently. We subscribed to the rule that "[i]n torts arising from contract[,] the statute of limitations has been held to begin to run at the time of the breach of duty constituting the tort and not when damages ensue." *Martin*, 803 P.2d at 1088 (citing *Aetna Life and Casualty Co. v. Sal E. Lobianco & Son Co., Inc.* (1976), 43 Ill. App. 3d 765, 2 Ill. Dec. 454, 456, 357 N.E.2d 621, 623.

On that basis we held that:

> We concur with Martin that her cause of action accrued upon notice of her termination. All the elements needed for a claim of breach of the implied covenant of good faith and fair dealing, if present at all, were present then. It is from the *decision* to terminate itself which Martin seeks redress. Her cause is analogous to being pushed from the precipice--the assailant cannot contend he is not culpable until the victim impacts with the ground. It was the decision and the act thereupon which caused the end result, and it is at that point where legal redress may first be sought.

*Martin*, 803 P.2d at 1089.

While policy arguments can be presented to the contrary, our holding in *Martin* is clear and controls the outcome in this case. It would be inconsistent to hold that a cause of action accrues at

8

the time notice of termination is received when accrual is critical to extending common law protections to a discharged employee, but that accrual occurs at some later date when deciding whether an employee has timely commenced a common law cause of action for wrongful termination of employment.

Plaintiff contends that *Martin* does not control because it was not a statute of limitations case. However, the *Martin* case was unequivocal in its conclusion that a cause of action for wrongful termination from employment, whether it is based on breach of the covenant of good faith and fair dealing, or a common law wrongful discharge claim, "accrued upon notice of her termination." In Montana, "[u]nless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues." Section 27-2-102(2), MCA. Since the plaintiff's claims in this case are based on defendants' alleged torts, the period prescribed for commencement of his cause of action is three years from the date of accrual. Section 27-2-204, MCA.

Plaintiff submits that our decision should be controlled by our prior decision in *Allison v. Jumping Horse Ranch, Inc.* (1992), 255 Mont. 410, 843 P.2d 753. However, that case is not on point.

In *Allison*, we were asked to decide "[a]t what point, under § 39-2-911(1), MCA, of the Wrongful Discharge From Employment Act, does the statute of limitations begin to run?" As mentioned previously, the Act preempted common law remedies and altered the statute of limitations in wrongful termination from employment

9

actions effective July 1, 1987. Section 39-2-911(1), MCA, provided that "[a]n action under this part must be filed within 1 year after the date of discharge." Section 39-2-903(2), MCA, defines "discharge" as including "constructive discharge as defined in subsection (1) and any other termination of employment . . . ." We held that for purposes of construing the Act's statute of limitations, "termination of employment" occurred at such time as there was a complete severance of the employer/employee relationship. *Allison*, 843 P.2d at 755. We distinguished *Martin* on the basis that, in that case, we were not construing the Wrongful Discharge From Employment Act, nor its specific provision for limitation of actions.

In this case, plaintiff's termination occurred in 1986, prior to the enactment of the Wrongful Discharge From Employment Act. It is based on the common law claim of wrongful discharge and breach of the covenant of good faith and fair dealing. We conclude, based on our decision in *Martin*, that plaintiff's cause of action, which was filed on September 5, 1989, accrued on August 6, 1986, and was barred by the statute of limitations found at § 27-2-204, MCA, which allows three years to file from the date on which the cause of action accrued.

Therefore, we affirm the judgment of the District Court.

_____
Justice

10

We concur:

_John Conway Harrison_

_William E. Hunt Sr._

Justices