Argued and submitted April 30, 1997, decision of Court of Appeals and judgment of circuit court affirmed in part and reversed in part, case remanded to circuit court August 6, 1998

Armetta STUPEK,
*Petitioner on Review,*

*v.*

WYLE LABORATORIES CORPORATION,
dba Wyle Laboratories,
a California corporation,
*Respondent on Review.*

(CC 9410-07491; CA A90965; SC S43973)

963 P2d 678

Terrance J. Slominski, Lake Oswego, argued the cause and filed the petition on behalf of petitioner on review.

Charles F. Adams, of Stoel Rives LLP, Portland, argued the cause and filed briefs on behalf of respondent on review. With him on the brief on the merits was Therasa A. Healy.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

KULONGOSKI, J.

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

## KULONGOSKI, J.

Plaintiff appeals from a summary judgment in defendant's favor on her claims for wrongful discharge, intentional infliction of emotional distress, and statutory sex discrimination. At issue is whether plaintiff timely filed her common-law claims by filing her complaint on the Monday following the weekend during which the statute of limitations ran and whether she submitted adequate facts to support her claim to the tolling of the limitation period for her statutory claim. We hold that plaintiff timely filed her common-law wrongful-discharge claim and otherwise affirm the summary judgment in defendant's favor on plaintiff's remaining claims.

■ On review of a summary judgment, we view the facts and all reasonable inferences that may be drawn from the facts in the light most favorable to the nonmoving party (in this case, plaintiff). *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). We review the record to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Oregon Rules of Civil Procedure (ORCP) 47 C; *Jones*, 325 Or at 413-14.

Plaintiff worked as a salesperson for defendant from July 1982 until October 1992. She alleged that she was subjected to various hostile and sexually explicit remarks by male coworkers during working hours and that, despite her complaints, defendant failed to take any measures to correct the situation. In September 1992, plaintiff's supervisor suggested that she terminate her employment because the work environment was not likely to change. Thereafter, plaintiff submitted notice to defendant that she would resign. On October 20, 1992, plaintiff signed a "Personnel/Payroll Action Notice," which stated that plaintiff's "termination effective date" was October 30, 1992.

On Monday, October 31, 1994, plaintiff, acting *pro se*, filed a complaint alleging claims of common-law wrongful discharge and intentional infliction of emotional distress, both of which have a two-year statute of limitations. ORS 12.110(1).[1]

---

[1] ORS 12.110(1) provides, in part:

She later retained counsel, who amended the complaint by adding a statutory sex-discrimination claim, which has a one-year statute of limitations. ORS 659.030, ORS 659.121(3).[2]

Defendant moved for summary judgment on the grounds that: (1) the two-year statute of limitations barred the common-law claims, because the two-year period ran during the weekend before the Monday on which plaintiff filed her complaint; (2) the claim of intentional infliction of emotional distress lacked sufficient evidence to support plaintiff's allegations; and (3) the statutory sex-discrimination claim was barred by the one-year statute of limitations. Plaintiff countered in part that her common-law claims were filed timely, because the limitation period extended until the Monday on which she filed those claims, and that the statute of limitations on her statutory claim was tolled by reason of her insanity. *Former* ORS 12.160 (1993).[3]

---

"An action for * * * any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years[.]"

[2] ORS 659.030 sets out unlawful employment practices. ORS 659.121(3) provides, in part:

"Where no complaint has been filed pursuant to ORS 659.040(1) or 659.045(1) and except as otherwise provided herein, the civil suit or action shall be commenced within one year of the occurrence of the alleged unlawful employment practice."

[3] The legislature amended ORS 12.160 in 1997. Or Laws 1997, ch 339, §§ 1, 2. The amendments did not change the statutory text relied on by plaintiff. Because the operative text is the same in both the former and current versions of ORS 12.160, we refer to the current version herein. Below are both the former and the current versions for comparison. *Former* ORS 12.160 (1993) provided, in part:

"If at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276 is:

"(1) Within the age of 18 years,

"(2) Insane, or

"(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life,

"the time of such disability shall not be a part of the time limited for the commencement of the action[.]"

The 1997 amendments removed subsection (3) of ORS 12.160. Current ORS 12.160 provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276 is within the age of 18 years or insane, the time of such disability shall not be a part of the time limited for the commencement of the action[.]"

The trial court granted defendant's motions for summary judgment on all grounds. Plaintiff appealed, and the Court of Appeals affirmed without opinion. *Stupek v. Wyle Laboratories Corp.*, 144 Or App 623, 928 P2d 365 (1996). We allowed review to consider the questions whether plaintiff's complaint was timely filed, which requires us to determine when her wrongful-discharge claim accrued, and whether plaintiff established that there is a genuine issue of material fact about whether her insanity operated to toll the limitations period for her statutory claim.

■       Plaintiff's petition for review asserts that both of her common-law claims were timely filed. However, before this court, plaintiff does not challenge the trial court's alternative basis for granting summary judgment on the claim of intentional infliction of emotional distress—insufficient evidence to support the allegations. Although, under ORAP 9.20(2), this court may review an issue that properly was raised on appeal and preserved, but not presented on review, we ordinarily will not do so unless the issue requires resolution. *State v. Castrejon*, 317 Or 202, 211-12, 856 P2d 616 (1993). The Court of Appeals' decision affirmed the trial court's conclusion that there is insufficient evidence to support the claim for intentional infliction of emotional distress. Because plaintiff did not ask this court to review the Court of Appeals' decision in that regard, and because there is no need for further resolution of the issue, we do not address it.

## ACCRUAL OF WRONGFUL-DISCHARGE CLAIM

■       In deciding whether plaintiff's common-law wrongful-discharge claim was timely filed, we first must determine when that claim accrued. If the claim accrued when plaintiff learned of her discharge on October 20, 1994 (*i.e.*, when she signed the Personnel Action Notice), as defendant claims, then plaintiff's claim is barred by the statute of limitations, regardless of how the limitation period is calculated. If plaintiff's claim accrued when her termination became effective, October 30, 1992, or on the last day she worked, then we must address the statute of limitations issue.

Plaintiff brought her wrongful-discharge claim under ORS 12.110(1), which provides that "[a]n action * * *

for any injury to the person * * * shall be commenced within two years." ORS 12.010 provides that actions subject to limitation periods in ORS chapter 12 "shall only be commenced * * * after the cause of action shall have *accrued*." (Emphasis added.) Those statutes obligated plaintiff to commence her claim for wrongful discharge within two years of the date on which that claim accrued.[4]

In *U.S. Nat'l Bank v. Davies*, 274 Or 663, 666-67, 548 P2d 966 (1976), quoting Michael Franks, *Limitation of Actions* 11 (1959), this court, using the term "cause of action," explained when a cause of action accrues:

> "In the best-known definition [a cause of action] consists of every fact which it would be necessary for the plaintiff to prove, if traversed, in order to support his right to judgment. When these facts have occurred and provided that there are in existence a competent plaintiff and a competent defendant, a cause of action is said to accrue to the plaintiff because he can then prosecute an action effectively."

*See also Duyck v. Tualatin Valley Irrigation Dist.*, 304 Or 151, 161, 742 P2d 1176 (1987) ("[a] cause of action accrues when the party owning it has a right to sue on it").

■■ The facts necessary to establish a claim are those events listed as the elements of a claim. A wrongful-discharge claim has two elements: "[T]here must be a discharge, and that discharge must be 'wrongful.' " *Moustachetti v. State of Oregon*, 319 Or 319, 325, 877 P2d 66 (1994), *citing Nees v. Hocks*, 272 Or 210, 218, 536 P2d 512 (1975). The legal injury in a wrongful-discharge claim is the discharge. *Moustachetti*, 319 Or at 325. Thus, there is no claim until the discharge occurs.

■ This case differs from *Moustachetti* in that, here, defendant did not actually discharge plaintiff. Rather, plaintiff alleges that her working conditions were such that she

---

[4] The Oregon Rules of Civil Procedure use the term "claim," in place of "cause of action." *See, e.g.*, ORCP 16 B ("Each separate claim or defense shall be separately stated."). Although those terms are synonymous for purposes of legal analysis, we follow the terminology of the rules. *See Peterson v. Temple*, 323 Or 322, 327 n 3, 918 P2d 413 (1996) (for purposes of this court's analysis, "claim" and "cause of action" are synonymous).

was "forced" to resign; that is, she claims a "constructive" wrongful discharge. A forced resignation may support a claim for wrongful discharge. *Sheets v. Knight*, 308 Or 220, 227-28, 779 P2d 1000 (1989). In *Sheets*, the employers informed the plaintiff that, unless he resigned, they would terminate his employment. The plaintiff resigned and filed an action for constructive wrongful discharge. The court observed that, in certain circumstances, a resignation could be considered a "discharge":

> "Where the employee unconditionally has been told 'resign today or be fired,' the employer has decided that the employment relationship is at an end and that the employee shall leave. The employee merely selects the manner in which the employer's will is accomplished. Under such circumstances a fact finder may find that a 'resignation' was a discharge." *Id.* at 227 (citation omitted).

■ *Sheets* tells us that the discharge element in an action for constructive wrongful discharge is the resignation, but it does not tell us when the discharge occurs. That question is partially answered in *McGanty v. Staudenraus*, 321 Or 532, 901 P2d 841 (1995). There, the court stated that, to establish a constructive wrongful discharge, a plaintiff must allege and prove:

> "(1) the employer intentionally created or intentionally maintained specified working condition(s); (2) those working conditions were so intolerable that a reasonable person in the employee's position would have resigned because of them; (3) the employer desired to cause the employee to leave employment as a result of those working conditions *or* knew that the employee was certain, or substantially certain, to leave employment as a result of those working conditions; and (4) the employee did leave the employment as a result of those working conditions." *Id.* at 557 (footnotes omitted; emphasis in original).

Under the *McGanty* formulation, the discharge does not occur until the employee "leave[s] the employment as a result of [the wrongful] working conditions." In other words, the discharge occurs when the employment relationship between the employee and the employer ends. Before leaving the employment, the employee is unable to establish the element of discharge. That the discharge occurs at the end of the

employment relationship follows as well from *Sheets*, because only at that point does the employer's intent to terminate an employee cause a tortious harm.

Here, plaintiff's employment relationship conclusively ended when her termination became effective on October 30, 1992. It was not until that date that all the facts necessary for plaintiff to prove her wrongful-discharge claim had occurred. We therefore hold that plaintiff's claim for constructive wrongful discharge did not accrue until the end of the employment relationship, that is, October 30, 1992. In so holding, we are mindful of the split in state and federal law on this issue, but note that our conclusion is in accord with other states that have similar claim-accrual standards.[5]

## STATUTE OF LIMITATIONS

■ Having determined that plaintiff's claim accrued on the effective date of her termination, October 30, 1992, rather than upon the earlier notice of her impending termination, we must consider whether the statute of limitations on plaintiff's wrongful-discharge claim ran precisely two years after her claim accrued, *i.e.*, on a weekend day, or whether the limitation period extended to the first business day thereafter.

---

[5] *See Martin Marietta Corporation v. Lorenz*, 823 P2d 100, 114-15 (Colo 1992) (the employee's common-law wrongful-discharge claim did not accrue until his last day on the job, because he did not suffer any injury until he was deprived of his job); *Romano v. Rockwell International, Inc.*, 14 Cal 4th 479, 501-02, 59 Cal Rptr 2d 20, 926 P2d 1114 (1996) (a wrongful-discharge claim accrues when the actual dismissal occurs because, prior to the actual termination, plaintiff has not suffered any appreciable harm). *But see Delaware State College v. Ricks*, 449 US 250, 101 S Ct 498, 66 L Ed 2d 431 (1980) (the plaintiff/professor's employment discrimination claim based on a denial of tenure, brought under Title VII of the Civil Rights Act of 1964, 42 USC section 2000e *et seq*. and 42 USC section 1981, accrued when the tenure decision was made, not on the plaintiff's last day of work, because that was when the discriminatory act complained of (denial of tenure) occurred); *Chardon v. Fernandez*, 454 US 6, 102 S Ct 28, 70 L Ed 2d 6 (1981) (the plaintiffs' unlawful employment practice claims, brought under 42 USC section 1983, accrued when they learned of their pending termination, because the operative discriminatory act was the decision to terminate employment). Some state courts have followed the *Ricks* and *Chardon* analysis for determining when common-law wrongful-discharge claims accrue. *See Weber v. Moses*, 938 SW 3d 387 (Tenn 1996) (tort of retaliatory discharge accrues at time of notice, because the actual termination is "nothing more than the consequence" of employer's decision); *Walch v. University of Montana*, 260 Mont 496, 861 P2d 179 (1993) (common-law wrongful-discharge claim accrues at time of notice, because the employer's decision causes the end result).

Plaintiff contends that, by operation of the computation method provided in ORS 174.120, the limitation period extended to the Monday on which she filed her claim.[6]

■ Plaintiff's argument rests on the contention that ORS 174.120 applies to ORS 12.010 and the computation of limitation periods in ORS chapter 12. ORS 174.120 provides:

> "Except as otherwise provided in ORCP 10, the time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

ORS 12.010 provides:

> "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

■ To determine whether ORS 174.120 applies to ORS 12.010 and the corresponding limitation periods, we must interpret both statutes in order to discern the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first step in statutory interpretation is an examination of the text and context. *Id.* Prior cases interpreting predecessor enactments of the same statutes are considered at the first level of analysis as part of the statutory context. *See Jones*, 325 Or at 411 (context includes this court's decisions interpreting the statute).

We begin with the text of ORS 174.120. The exception stated in the first phrase, "[e]xcept as otherwise provided in ORCP 10," plays no role here, because ORCP 10 establishes rules for computing periods of time under the rules of civil procedure, local court rules, court orders and "any applicable statute," ORCP 10 A; it does not apply to the computation of a period of limitations described in ORS chapter 12.

---

[6] In her petition for review, plaintiff argued that the statute of limitations ran on Monday by operation of either ORS 174.120 or ORS 174.125. At oral argument, however, plaintiff's counsel stated that he did not think that ORS 174.125 applies. Without deciding whether ORS 174.125 applies, we limit our discussion to ORS 174.120 and ORS 12.010, because those statutes answer the question whether plaintiff timely filed her claim.

The third phrase, "as provided in the civil * * * procedure statutes," limits the statute's application, for our purposes, to civil procedure statutes. Therefore, ORS 174.120 applies to civil procedure statutes other than the Oregon Rules of Civil Procedure. The second phrase, "time within which an act is to be done," indicates that the statute applies to the computation of the time prescribed for performance of an action under civil procedure statutes.

This leaves two questions. The first question is whether commencing an action under ORS 12.010 is "an act to be done" within the meaning of ORS 174.120. By differentiating between commencing an action under ORS 12.010 and all other "acts to be done" once an action has been commenced, defendant argues that ORS 174.120 cannot apply to ORS 12.010, because there are no "acts to be done" until after a plaintiff commences an action. We disagree. ORS 174.120 does not limit its application to acts to be done after the filing of an action. Rather, the limitation is on whether the act is one that a civil procedure statute requires or permits a party to perform within a specified period of time. "Commencing an action" is such an "act." *See* ORS 12.010 ("[a]ctions shall only be commenced within the periods prescribed in this chapter").

As indicated above, the second critical question is whether ORS 12.010 and the corresponding statutes of limitations in ORS chapter 12 are "civil procedure statutes" within the meaning of ORS 174.120. This court already has hinted at the answer to that question. In *Grant v. Paddock*, 30 Or 312, 319, 47 P 712 (1897), this court held that a predecessor enactment of ORS 174.120 applied to a time computation for a limitation period in a predecessor of ORS chapter 12.

The plaintiff in *Grant* brought an adverse possession action under chapter I, title II, section 4 of Hill's Code. Annotated Laws of Oregon, v I, ch I, title II, § 4, p 132 (Hill 1887). Chapter I, title II of Hill's Code, a predecessor to ORS chapter 12, provided statutes of limitations for several common-law actions. Section 3 of title II, a predecessor to ORS 12.010, provided in relevant part:

"Actions at law shall only be commenced within the periods prescribed in this title, after the cause of action shall have accrued; except when, in special cases, a different limitation is prescribed by statute."

Under chapter I, title II, section 4 of Hill's Code, an action for adverse possession had a 10-year statute of limitations. The issue in *Grant* concerned how to compute that 10-year limitation period, in particular, how to determine when the period began to run. The plaintiff argued that chapter VI, title I, section 519 of Hill's Code, a predecessor to ORS 174.120, provided the applicable method for computing time limitations. Annotated Laws of Oregon, v I, ch VI, title I, § 519 (Hill 1887). Section 519 provided, in relevant part:

"The time within which an act is to be done, as provided in [the Code of Civil Procedure], shall be computed by excluding the first day and including the last, unless the last day falls upon a Sunday, Christmas, or other non-judicial day, in which case the last day shall also be excluded."[7]

The court agreed with the plaintiff that section 519 applied to the computation of the section 4 limitation period:

"On June 1, 1863, the Code of Civil Procedure, including sections 4 and 519, Hill's Code, went into effect; and, as these sections formed part of one general act, they ought to be so construed as to harmonize their apparent discrepancies, and to give effect, as far as possible, to the provisions of each * * *. Construing these sections in pari materia, and in such manner as to avoid a forfeiture of the estate involved, it is evident that section 4, Hill's Code, supra, should be so construed as to exclude the day on which the plaintiff's grantors * * * became entitled to the possession of the premises, and that, excluding such day, it appears that this action was commenced within ten years from the time the plaintiff's grantors were seized in law of [the estate in question]." *Grant*, 30 Or at 319-20 (citations omitted).

Implicit in the *Grant* court's holding is its conclusion that section 4, a limitation statute, was part of the "Code of Civil Procedure," to which section 519 applied. Since *Grant*, the relevant text of both sections 4 and 519 has remained

---

[7] The predecessor enactments of ORS 174.120 did not exclude terminal Saturdays until 1949. Or Laws 1949, ch 287, § 1.

materially the same. Although the legislature has substituted the reference to the "Code of Civil Procedure" with the phrase "civil procedure statutes," that is not a material change for purposes of our analysis here. *See Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm.*, 287 Or 591, 597, 601 P2d 769 (1979) (treating a statutory reference to the "civil procedure statute" as the substantive equivalent of a reference to the "Code of Civil Procedure" in a former version of the statute). The absence of any revision to either ORS 12.010 or ORS 174.120 that would reverse the result in *Grant* leads us to conclude that *Grant* controls the interpretative question before us.

The text of ORS 12.010 supports the conclusion that follows from *Grant*: ORS 12.010 and the corresponding statutes of limitations are "civil procedure statutes" within the meaning of ORS 174.120. Notably, and contrary to defendant's argument, the requirement in ORS 12.010 that "actions shall only be commenced within the periods prescribed in this chapter" does not preclude the application of ORS 174.120 to the computation of the limitations periods set out in ORS chapter 12. Defendant argues that that phrase limits the *method* of time computation to the *prescribed* periods. We disagree. ORS 12.010 prescribes periods within which a party must commence an action, but neither it nor any other provision of ORS chapter 12 provides a method for computing the prescribed periods. In *Grant*, the court observed that "[w]hether the day of the happening of a certain event should be included as a basis from which to compute time has been a vexed question for many centuries[.]" 30 Or at 318. *Grant* resolved that centuries-old dispute in Oregon by holding that section 519, a statutory method for computing time for acts to be done within the Code of Civil Procedure, applied to the computation of a limitation period within chapter I, title II of Hill's Code. The legislature has not changed the statutory scheme in a material way since *Grant* was decided. We adhere to the statutory interpretation adopted in *Grant*.[8]

---

[8] We note that defendant agrees that the first half of the time computation method set out in ORS 174.120 applies to determine when a limitation period begins, given that defendant's brief states that "[b]oth at common law and today by *statute*, rules of time computation with respect to limitation statutes exclude the

From the text and context of ORS 12.010 and ORS 174.120, it is apparent that the legislature intended that ORS 174.120 apply to the computation of limitation periods prescribed in ORS chapter 12 for determining *both* when the statutory period begins to run and when it ends. Accordingly, we hold that ORS 174.120 applies to the computation of plaintiff's two-year statute of limitations in ORS 12.110(1). We previously have concluded that plaintiff's wrongful-discharge claim accrued on October 30, 1992, when her termination became effective. To calculate when the applicable two-year limitation period ran under ORS 174.120, we exclude the first day and count to within two years from October 31, 1992, to October 30, 1994. October 30, 1994, fell on a Sunday. Under ORS 187.010, Sunday is a legal holiday. Because ORS 174.120 excludes a last day that falls on a legal holiday, plaintiff's limitation period ran on Monday, October 31, 1994.[9] Plaintiff filed her complaint on that day; thus, her filing was timely.

## TOLLING

Finally, we consider plaintiff's argument that the statute of limitations on her statutory sex-discrimination claim was tolled by reason of her insanity. Defendant contends that the statute was not tolled because plaintiff failed to provide sufficient evidence of insanity to implicate the exception.

Neither party addressed what we find to be a definitive barrier to plaintiff's tolling claim. ORS 12.160 provides:

> "If, at the time the cause of action accrues, any person entitled to bring an action mentioned in *ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276* is within the age of 18

---

first day, or the day the claim arose," citing *Grant v. Paddock*, 30 Or 312, 47 P 712 (1897) (emphasis added). The statute to which defendant refers is apparently ORS 174.120, because that is the current enactment of the statute at issue in *Grant*.

[9] Our prior cases applying ORS 174.120 make clear that exclusion of the last day under ORS 174.120 operates to extend a time period until the next day that is not a Saturday or a legal holiday. *See Propp v. Long*, 313 Or 218, 226, 831 P2d 685 (1992) (calculating a time period under ORCP 10 and ORS 174.120 and concluding that, because the end date fell on a weekend day, the period extended until the Monday thereafter); *Ater v. Keisling*, 312 Or 207, 210 n 1, 819 P2d 296 (1991) (a petition filed the Monday after the Sunday on which the filing period ended was timely filed by operation of ORS 174.120).

years or insane, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases." (Emphasis added.)

The text of ORS 12.160 limits its application to claims brought by "any person entitled to bring an action mentioned in" the enumerated statutes.[10] Claims brought under ORS 659.030 are not included in the list of statutes enumerated in ORS 12.160. Nor does ORS 659.030, ORS 659.121, or any related statute cross-reference ORS 12.160 to make it applicable to an action for statutory sex discrimination brought under ORS 659.030.

Because plaintiff's statutory sex-discrimination claim is neither included under ORS 12.160 nor otherwise subject to tolling by reason of insanity in ORS chapter 659, there is no authority to toll the statute of limitations as asserted. Therefore, we need not consider plaintiff's arguments in favor and defendant's arguments against tolling.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

---

[10] In *Bradford v. Davis*, 290 Or 855, 626 P2d 1376 (1981), the court held that ORS 12.160 applies to claims brought under the Oregon Tort Claims Act (OTCA), despite the fact that the OTCA has its own statute of limitations in ORS 30.275, and is not within the enumerated claims in ORS 12.160. That holding does not inform our decision here, because *Bradford* concerns the OTCA, and because, after *Bradford*, the legislature enacted subsection 8 of ORS 30.275, Oregon Laws 1981, chapter 350, section 1, which provides:

"Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 * * *, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."