NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYLER MILLER, an individual, | No. 20-35922 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00562-SB |
| v. | |
| STEVE WATSON, an individual, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted December 8, 2021
Seattle, Washington

Before:  McKEOWN and BADE, Circuit Judges, and FITZWATER,** District Judge.

Tyler Miller appeals from the district court's entry of summary judgment

against his Oregon state law claim for whistleblower retaliation.  We have

jurisdiction, 28 U.S.C. § 1291, and affirm in part, reverse in part, and remand for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

further proceedings.

Miller's claim that he was terminated in violation of Or. Rev. Stat. § 659A.203 was timely. Under federal law, a claim for unlawful termination accrues on the day the employee is informed of their impending discharge. *See Chardon v. Fernandez*, 454 U.S. 6, 7–8 (1981) (per curiam); *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). Miller's claim, however, is governed by Oregon law. *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). The Oregon Supreme Court has expressly rejected the federal rule in the analogous context of common-law wrongful-discharge claims, reasoning that "[t]he legal injury in a wrongful-discharge claim is the discharge" and not the notice of discharge. *Stupek v. Wyle Labs. Corp.*, 963 P.2d 678, 681 (Or. 1998); *see id.* at 682 & n.5 (holding that cause of action did not accrue until the "employment relationship conclusively ended," recognizing "split in state and federal law on this issue," and joining "other states that have similar claim-accrual standards"). Faced with this "clear state court exposition of a controlling principle," *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980), we conclude that Miller's claim for unlawful termination accrued on the day of his discharge from employment, April 2, 2017, and that his complaint, filed on April 2, 2018, was timely. *See* Or. Rev. Stat. § 659A.875 (imposing a one-year limitations period). We consequently deny Miller's motion to certify this question to the Oregon

Supreme Court.

We will not consider Miller's argument, raised for the first time on appeal, that his former employer's sitting for an interview with Oregon State Police on April 5, 2017 constituted a second, separate injury within the limitations period. *See Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975).

Costs shall be awarded to Miller.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. MOTION TO CERTIFY DENIED.**