On petition for rehearing filed August 3,
former opinion filed June 30 (291 Or 293, 630 P2d 827)
rehearing denied, opinion modified October 6, 1981

BLAIR,
*Respondent,*

*v.*

MT. HOOD MEADOWS DEVELOPMENT
CORPORATION,
*Petitioner.*

(CA 13331, SC 27330)

634 P2d 241

Leslie M. Roberts, of Kell, Alterman & Runstein, Portland, filed the petition for respondent.

Before Denecke, Chief Justice, Tongue, Linde, Peterson, Tanzer and Campbell, Justices.

No appearance contra.

CAMPBELL, J.

## CAMPBELL, J.

The plaintiff has filed a petition for rehearing in this case, 291 Or 293 (1981), on the grounds that this court, on review, erred in failing (1) to consider an assignment of error previously made by the plaintiff in the Court of Appeals, and (2) "to consider whether the grounds of objection raised to the assumption of risk instruction were themselves valid, even if another conclusive argument was not raised."

The plaintiff filed this negligence action seeking damages from the defendant for an injury he sustained while skiing at Mt. Hood Meadows. As the result of a jury verdict, the trial court entered a judgment for the defendant. The plaintiff appealed to the Court of Appeals assigning as error (1) the wording of a jury instruction on assumption of risk, and (2) the failure of the trial court to instruct the jury that the plaintiff was an invitee as a matter of law.

The Court of Appeals found that the status of the plaintiff was a question of fact and that the trial court did not err in failing to instruct the jury that the plaintiff was an invitee as a matter of law. That court also found that the instruction on assumption of risk was error and reversed and remanded for a new trial on that ground.

The defendant then petitioned this court for review. We allowed the petition for review and proceeded to reverse the Court of Appeals on the assumption of risk question. Our opinion focused on ORS 18.475 (2): "The doctrine of implied assumption of risk is abolished." We found that no instruction on implied assumption of risk should be given and that the plaintiff had not made the proper exception in the trial court. The effect of our opinion was to reinstate the judgment for the defendant.

In our review we did not consider the Court of Appeals decision that the trial court did not err in failing to instruct the jury that the plaintiff was an invitee as a matter of law. In footnote 2 of our opinion we said: "The plaintiff has not cross-petitioned this court to review that ruling."

■ The Rules of Appellate Procedure do not require a "cross-petition." "A respondent may, but need not file a response to the petition for review. In the absence of a response, a respondent's brief in the Court of Appeals will be considered as the response." Rule 10.05.

Footnote 2 of our opinion is clearly wrong. We therefore, with a red face, order it stricken.

■ We elect[1] to consider at this time the plaintiff's second assignment of error in the Court of Appeals — the failure of the trial court to instruct the jury that the plaintiff was an invitee as a matter of law.

The Court of Appeals reversed the trial court on other grounds and considered this question as follows:

"Plaintiff argues that the jury should have been instructed that he was an invitee as a matter of law * * *. The area onto which plaintiff skied was not an area in which defendant expected him to ski. Plaintiff argues that he was led to believe the ski run extended in a straight line all the way to the lodge. His argument is that defendant's negligence caused him to mistake the route of the ski run. It was undisputed that plaintiff actually believed he was still on the ski run. However, plaintiff would still be an invitee while skiing outside the ski run only if his belief was a *reasonable* one. This presents a question of fact." (Emphasis added).

We agree with the Court of Appeals that the plaintiff's status depends upon determining whether plaintiff's conduct was reasonable or negligent. If the plaintiff was negligent in leaving the designated ski run, he lost his status as an invitee and became a licensee.[2] On the other hand, if the defendant's negligence was responsible for the plaintiff's mistaking the route of the ski run, then his status would remain that of an invitee. The question of negligence in this case is a question of fact and therefore the plaintiff's status is a question of fact.

---

[1] Rule 10.15 of the Rules of Appellate Procedure provides that this court will not necessarily address each question that was before the Court of Appeals.

[2] The parties made no issue of the relevance of this distinction in a case involving an occupier's liability for a condition of the land. See *Ragnone v. Portland School District No. 1J*, 291 Or App 617, 633 P2d 1287 (1981).

We have examined the plaintiff's other ground for rehearing and decline the invitation to reconsider the questions involving implied assumption of risk.

Rehearing denied. Opinion modified.