Eric Allen PETERSON, Petitioner–Appellant,

v.

Robert LAMPERT, Superintendent, Snake River Correctional Institution, Respondent–Appellee.

No. 00–35897.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001

Filed Jan. 11, 2002

Marc Sussman, Portland, Oregon, for the petitioner-appellant.

Kathleen Cegla, Assistant Attorney General, Salem, Oregon, for the respondent-appellee.

Before: HUG, T.G. NELSON, and GOULD, Circuit Judges.

T.G. NELSON, Circuit Judge:

Petitioner Eric Allen Peterson appeals the district court's denial and dismissal of his 28 U.S.C. § 2254 petition. We affirm the district court's decision on the ground that Peterson procedurally defaulted his federal ineffective assistance of counsel claim by failing to fairly present it to the Oregon Supreme Court.

In this case, we must revisit one of our earlier decisions, *Wells v. Maass.*[1] *Wells*

1. 28 F.3d 1005 (9th Cir.1994).

held that a petitioner fairly presents an issue to the Oregon Supreme Court, for purposes of federal habeas review, by incorporating the issue from an Oregon Court of Appeals brief into his or her petition for review.[2] Petitioner Peterson made no attempt to incorporate his brief before the Oregon Court of Appeals into his petition for review. Thus, the holding of *Wells* does not govern this case. *Wells* suggested in dicta, however, that even absent incorporation, the Oregon Supreme Court would be deemed to have considered issues that were not raised in the petition for review but were raised in briefs before the Oregon Court of Appeals.[3] Peterson asks us to extend *Wells* in line with this dicta. We decline to extend *Wells*. A petitioner's failure to present an issue in his petition for review to the Oregon Supreme Court constitutes a procedural default of the issue.

We also conclude that a petitioner must specify the federal nature of a claim in order to preserve the claim for federal habeas review. Presenting a similar state law claim and citing state cases, even if they apply federal law, does not preserve the federal issue.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Eric Peterson entered a guilty plea in state court to two counts of a six-count indictment charging him with sodomy and/or sexual abuse of four different victims. The state court sentenced him to 182 months on one count and 18 months on the other, to be served consecutively. Peterson exhausted his remedies on direct appeal. In 1995, he petitioned for post-conviction relief with the Oregon Circuit Court, alleging in pertinent part that the assistance he had received from counsel was constitutionally ineffective under both state and federal standards.

The Oregon Circuit Court denied Peterson's petition. Peterson then sought review from the Oregon Court of Appeals, again arguing that he had received constitutionally ineffective assistance under both state and federal standards. The Oregon Court of Appeals affirmed the decision of the circuit court. Finally, Peterson sought review from the Oregon Supreme Court.

In the petition for review to the Oregon Supreme Court, Peterson directly raised his state claim for ineffective assistance of counsel. He did not cite federal constitutional provisions or federal law. In addition, he did not incorporate his brief before the Oregon Court of Appeals by reference. The Oregon Supreme Court denied review.

Peterson began pursuing the federal petition leading to this appeal in 1999. In his federal petition, Peterson alleged that he had received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution. The district court denied the petition and dismissed it with prejudice. Peterson's federal claim for ineffective assistance was not exhausted and was procedurally defaulted, the court concluded, because he had only presented his state claim, and not his federal claim, to the Oregon Supreme Court. The court further concluded that Peterson had shown neither cause for, nor prejudice from, the default.

Peterson filed this appeal. We review the district court's decision *de novo*.[4] We may affirm on any ground supported by the record.[5] We affirm on the ground that Peterson's federal constitutional claim for

2. *Id.* at 1011.

3. *Id.* at 1009.

4. *See Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001).

5. *Paradis v. Arave*, 240 F.3d 1169, 1175–76 (9th Cir.2001).

ineffective assistance of counsel was procedurally defaulted.[6]

## II

## DISCUSSION

Peterson argues that the district court erred for two alternative reasons when it held that he procedurally defaulted his federal claim. First, relying on *Wells* and the Oregon Rules of Appellate Procedure, he maintains that because he presented his federal claim to the Oregon Court of Appeals, he should be deemed to have raised it before the Oregon Supreme Court. Second, he argues that he fairly presented his federal claim to the Oregon Supreme Court because his petition cited state cases which applied federal and state law to ineffective assistance claims. The citation of those cases notified the Oregon Supreme Court of the federal basis of his claim for ineffective assistance, Peterson asserts. For the following reasons, we reject both of Peterson's arguments.

A. Wells *and the Oregon Rules of Appellate Procedure*

In *Wells,* we held that a petitioner had not procedurally defaulted his ineffective assistance of counsel claim. Although he had failed to raise the claim in his petition before the Oregon Supreme Court directly, we concluded that he had raised it indirectly.[7] He did so by making specific references to his assignments of error before the court of appeals. We explained: "In another state, a mere reference to arguments presented in the court of appeals might not be enough to preserve a claim for state supreme court review," but in Oregon, such a reference did preserve the claim.[8]

We based our conclusion in *Wells* on an interpretation of several Oregon Rules of Appellate Procedure, most notably Rule 9.20. That rule reads in pertinent part:

(2) If the Supreme Court allows a petition for review, the court may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court. The Supreme Court's opinion need not address each such question. *The court may consider other issues that were before the Court of Appeals.*

. . .

(4) The parties' briefs in the Court of Appeals will be considered as the main briefs in the Supreme Court, supplemented by the petition for review and any response, brief on the merits or additional memoranda that may be filed.[9]

We also cited another rule, Rule 9.10, which provides that the responding party "may, but need not, file a response to a petition for review. In the absence of a response, the party's brief in the Court of Appeals will be considered as the response."[10]

Relying on these rules, we held that the petitioner in *Wells* had not procedurally defaulted. The Oregon Supreme Court, we explained, "can be expected to review the Court of Appeals briefs where, as here, the petition for review refers specifically to

---

**6.** Peterson's claims are exhausted because "there are no state remedies any longer 'available' to him." *See Coleman v. Thompson,* 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citations omitted).

**7.** *Wells,* 28 F.3d at 1008–09, 1011.

**8.** *Id.* at 1009.

**9.** Or. R.App. P. 9.20 (emphasis added) (footnote omitted).

**10.** Or. R.App. P. 9.10(1). *See Wells,* 28 F.3d at 1009.

the assignments of error raised in the brief."[11]

 The holding of *Wells* does not control here because the facts of this case differ from the facts of *Wells* in one important way. Peterson made no attempt to incorporate his previous arguments in his petition for review. Acknowledging this, Peterson asks us to extend *Wells*. He cites broad statements from *Wells*, unnecessary to its holding, that the Oregon Supreme Court "will review all of the arguments raised in the Court of Appeals *regardless of the content of the petition.*"[12] We decline to extend *Wells* in line with its dicta for two reasons. First, the Oregon Rules of Appellate Procedure do not support an extension of *Wells* beyond its narrow holding that incorporation of arguments made below suffices to present issues to the Oregon Supreme Court. Second, to the extent the statement may once have found support in Oregon case law, it no longer does.

### 1. *The Oregon Rules of Appellate Procedure do not support an extension of* Wells.

The portions of the Oregon Rules of Appellate Procedure on which *Wells* relied govern the Oregon Supreme Court's consideration of cases for which review has been granted. Thus, once review has been granted, the Oregon Supreme Court may, pursuant to Rule 9.20(2), consider issues that were before the court of appeals.[13] Similarly, once review has been granted, if the non-appealing party did not file a response to the petition, that party's brief before the Oregon Court of Appeals will be used.[14]

Although these rules support the conclusion that the Oregon Supreme Court maintains greater discretion with regard to unraised issues than do many other state supreme courts, they support that proposition only for cases in which the Oregon Supreme Court grants review. We find nothing in the rules governing petitions for review that suggests that the Oregon Supreme Court will look beyond a petition for review, the decision of the court below, and the response brief when it decides *whether to grant* review.[15] Rule 9.10 provides that the court will look to the *respondent's* brief before the Oregon Court of Appeals if respondent elects not to file a response to the petition. And Rule 9.05(2)(d) requires that a petition for review contain "a notice whether, if review is allowed, the petitioner intends to file a brief on the merits or to rely on the petition for review and brief or briefs filed in the Court of Appeals." Those provisions do not suggest that the court will look at or consider all the issues raised in the petitioner's Court of Appeals briefs before granting review. The fact that the court *may* do so if it so chooses after review is granted·hardly seems relevant.[16]

---

11. *Wells*, 28 F.3d at 1009 (footnote omitted).

12. *Id.* (citing Or. R.App. P. 9.20(4)) (emphasis added).

13. As we shall see, case law has interpreted that statement in a manner that narrows it significantly.

14. *See* Or. R.App. P. 9.10(1).

15. *See* Or. R.App. P. 9.07.

16. *Wells* cited two Oregon cases, *Dunlap v. Dickson*, 307 Or. 175, 765 P.2d 203 (Or.

1988), and *Blair v. Mt. Hood Meadows Development Corp.*, 291 Or. 703, 634 P.2d 241 (Or.1981), which are not to the contrary. *Wells*, 28 F.3d at 1010. In those cases, after · granting the petition for review, the Oregon Supreme Court considered subsidiary issues raised in the respondent's reply to the petition. Pursuant to Rule 10.05 (which is now Rule 9.10), the response briefs were the respondent's briefs before the court of appeals. *See Dunlap*, 765 P.2d at 206 n.4, and *Blair*, 634 P.2d at 242.

### 2. Developments in State and federal law after Wells preclude extension.

Even if the rules governing the Oregon Supreme Court's consideration of cases after review has been granted also governed consideration of whether to grant a petition for review, we would decline to extend *Wells*. Developments in state and federal law since *Wells* preclude *Wells'* extension.

Several recent Oregon Supreme Court opinions make it clear that a pre-*Wells* decision extends further than we anticipated in *Wells*. In *State v. Castrejon*,[17] the court rejected a broad reading of the last sentence of Oregon Rule of Appellate Procedure 9.20(2), the sentence which states that "[t]he [Supreme Court] may consider other issues that were before the Court of Appeals." The *Castrejon* court explained that the final sentence "has a natural meaning, consistent with the preceding sentence in the same rule, *viz.*, to permit this court to review subsidiary appellate issues (properly raised and preserved) that may require resolution once the principal issue on review is resolved, whether or not the Court of Appeals actually decided the subsidiary issue."[18]

Two subsequent cases adopted the interpretation offered by *Castrejon*. In *Stupek v. Wyle Laboratories Corporation*,[19] and *Macy v. Blatchford*,[20] the Oregon Supreme Court declined to consider issues the petitioners failed to raise in their petitions for review.[21] In *Stupek*, the Oregon Supreme Court explained that "[a]lthough, under ORAP 9.20(2), this court may review an issue that properly was raised on appeal and preserved, but not presented on review, we ordinarily will not do so unless the issue requires resolution."[22] Thus, the Oregon Supreme Court has interpreted Rule 9.20(2) far more narrowly than we did in *Wells*.

In light of *Castrejon*, *Stupek*, and *Macy*, the *Wells* dicta stating that the Oregon Supreme Court will consider issues not raised in a petition for review[23] now appears incorrect. Indeed, the presumption seems to be the opposite. Unless a subsidiary issue *requires* resolution, the court ordinarily will not examine it. There is no argument that the federal claim Peterson seeks to raise here was such a subsidiary issue, and there is no evidence that the Oregon Supreme Court ever looked beyond Peterson's petition to his brief before the court of appeals when it decided to decline review. Accordingly, we refuse to extend *Wells* beyond its holding that incorporation of a lower court brief raises the issues contained therein.[24]

---

**17.** 317 Or. 202, 856 P.2d 616 (1993).

**18.** *Id.* at 622. We note that this statement in *Castrejon* presupposes that review has already been granted.

**19.** 327 Or. 433, 963 P.2d 678 (1998).

**20.** 330 Or. 444, 8 P.3d 204 (2000).

**21.** *Stupek*, 963 P.2d at 680; *Macy*, 8 P.3d at 211 n. 8.

**22.** *Stupek*, 963 P.2d at 680.

**23.** *Wells*, 28 F.3d at 1009.

**24.** *See Wells*, 28 F.3d at 1010, 1011. We note that *Wells* remarked on the existence of cases declining to consider unraised issues but dismissed them on the ground that "the court has always made clear that its actions were rooted in discretion and not jurisdiction." *Id.* at 1010 (citing *Chesterman v. Barmon*, 305 Or. 439, 753 P.2d 404, 405 n. 2 (1988), and *Gugler v. Baker Cty. Educ. Svc. Dist.*, 305 Or. 563, 754 P.2d 900, 901 n. 3 (1988)). While these cases cited in *Wells* declined to consider unraised issues, they did not set forth the Oregon Supreme Court's position, so clearly expressed in the cases discussed above, that the court will generally review only subsidiary issues requiring resolution in light of the court's primary holding.

In addition to the Oregon cases discussed above, a United States Supreme Court case, also decided after *Wells*, bears on our analysis. In *O'Sullivan v. Boerckel*,[25] the Supreme Court held that in order to avoid procedural default, a petitioner must seek review of an issue in a state court of last resort even when that court has discretionary control over its docket.[26] In *O'Sullivan*, the petitioner sought to raise claims in his federal habeas petition that he had not advanced in his petition for review before the Illinois Supreme Court. The United States Supreme Court held that the claims were barred because the petitioner had the right to present them to the Illinois Supreme Court but had failed to do so.[27] Peterson had a similar right, but also failed to exercise it.

Before *Castrejon*, *Stupek*, and *Macy*, we might have distinguished *O'Sullivan* based on Oregon's unique procedural rules, as interpreted by *Wells*. However, after these Oregon cases, it is clear that Oregon's interpretation of its unique rules renders those rules perhaps less unique than we had previously believed. There is no requirement and no expectation that the Oregon Supreme Court will seek out issues that were not raised in a petition for review when considering whether to grant the petition, as *Wells* suggested in dicta. Indeed, there is no expectation that the Oregon Supreme Court will do so even after a petition has been granted and a case has been reviewed unless the issue is a subsidiary of the main issue and requires resolution. Thus, we cannot distinguish *O'Sullivan* in a meaningful way. Peterson had the right to raise his federal claim before the Oregon Supreme Court. He cannot rely on the Oregon Rules of Appel-

late Procedure to support his argument that, although he did not raise the claim directly, he did so indirectly.

Absent express incorporation of the briefs before the Oregon Court of Appeals in a petition for review, we will not presume that the Oregon Supreme Court considered issues from the briefs when reviewing such a petition. By failing to include an issue in a petition by direct reference or incorporation, an Oregon petitioner does not fairly present the issue to the Oregon Supreme Court. Accordingly, Peterson's primary argument, based upon *Wells* and the Oregon Rules of Appellate Procedure, fails. If his petition includes federal claims, it must be for the other reason he offers.

**B.** *Presentation of Federal Claim by Citation to State Cases*

Peterson offers an alternative argument that his petition for review fairly presented his federal claim to the Oregon Supreme Court. He asks us to adopt a rule suggested in one of our previous cases, *Lyons v. Crawford*.[28] In *Lyons*, we acknowledged "the possibility of a . . . method of exhausting state remedies" that involved the "citation of pertinent state case law explicitly applying federal law."[29] *Lyons* anticipated instances in which the petitioner cited state cases that addressed claims very similar, if not identical, to those raised by the petitioner and that expressly depended upon federal law for the resolution of those claims.[30]

In this case, Peterson cited state cases that addressed ineffective assistance of counsel claims identical to the one he

---

**25.** 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

**26.** *Id.* at 845, 119 S.Ct. 1728.

**27.** *Id.* at 848, 119 S.Ct. 1728.

**28.** 232 F.3d 666 (9th Cir.2000), *as modified by* 247 F.3d 904 (9th Cir.2001).

**29.** *Lyons*, 232 F.3d at 670 n. 3.

**30.** *See id.*

raised. The question is whether those cases depended upon federal law for the resolution of state claims and, if so, whether we should adopt the method of exhaustion suggested in *Lyons*. We conclude that the cases did depend, at least in part, on federal law for their resolution. We decline, however, to adopt the rule suggested by *Lyons*.

Peterson cited three cases in his petition for review, two of which applied federal law. Those two cases are *Chew v. Oregon*[31] and *Krummacher v. Gierloff*.[32] Unlike Peterson, the petitioners in *Chew* and *Krummacher* explicitly presented both federal and state claims for ineffective assistance of counsel. This weakens Peterson's *Lyons* argument, because it is possible that in *Chew* and *Krummacher*, state law was used to resolve the state claims and federal law to resolve the federal claims. *Krummacher* treated the right to effective assistance of counsel under Oregon state law as identical to the right under federal law, however.[33] Thus, Peterson argues that state and federal law are so intertwined in Oregon that federal law was necessarily required to resolve the state claims presented.

▇ Although it is perhaps possible that a situation will arise that follows the scenario envisioned by *Lyons* even more exactly, we conclude that Peterson makes a strong argument that he falls within *Lyons'* proposed rule. Examining Peterson's petition and the Oregon case law he cites, however, leads us to conclude that the proposed rule should be rejected. We simply do not agree that, in light of recent precedent, the citation of state law cases in which federal law is applied to a state law claim fairly presents a federal claim to a state supreme court. Simply and clearly identifying the federal nature of a claim does not seem too much to ask of petitioners.

The courts have offered increasingly strict interpretations of what constitutes raising a claim.[34] Even in *Lyons*, we offered a strict view, stating that even if the federal basis of a claim is "self-evident," or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts...."[35] Based on these decisions and this trend, we conclude that we will now close the door that *Lyons* left open. Thus, we decide that Peterson's citation to *Chew* and *Krummacher* did not preserve his federal claim despite the fact that those cases intertwined and applied federal and state law to claims identical to Peterson's. To preserve his federal claim, Peterson needed either to raise it explicitly or, under *Wells*, to incorporate it from his brief

---

**31.** 121 Or.App. 474, 855 P.2d 1120 (1993).

**32.** 290 Or. 867, 627 P.2d 458 (1981).

**33.** *Id.* at 461.

**34.** *See, e.g., Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (rejecting the reasoning of the Ninth Circuit, which held that the petitioner's federal due process claim was exhausted because it involved essentially the same operative facts and legal theory as the state law claim presented in state court); *Anderson v. Harless*, 459 U.S. 4, 7 n. 3, 103 S.Ct. 276, 74 L.Ed.2d 3

(1982) ("We doubt that a defendant's citation to a state-court decision predicated solely on state law ordinarily will be sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the *cited* case advanced a federal claim") (italics in original); *O'Sullivan v. Boerckel*, 526 U.S. at 848, 119 S.Ct. 1728 (holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not *"properly* presented his claims to the state courts") (italics in original).

**35.** *Lyons*, 232 F.3d at 668 (citing cases).

before the court of appeals into his petition for review.

For the foregoing reasons, we affirm the district court's decision.

AFFIRMED.