Martin Earl DAWSON, Petitioner–
Appellant,

v.

Ernest C. ROE, Warden; Attorney
General of the State of Califor-
nia, Respondents–Appellees.

No. 00–56690.

D.C. No. CV–00–01723–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2001 *.

Decided Jan. 18, 2002.

Before O'SCANNLAIN, and PAEZ,
Circuit Judges, and KING,** District
Judge.

MEMORANDUM ***

Martin Earl Dawson appeals the district
court's dismissal of his 28 U.S.C. § 2254
petition as untimely under 28 U.S.C.
§ 2244(d). We have jurisdiction under 28
U.S.C. §§ 1291 and 2253. We review the
district court's dismissal de novo, *Miles v.
Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999),
and vacate and remand.

Dawson contends that his § 2254 peti-
tion was timely filed because the Antiter-
rorism and Effective Death Penalty Act's
one-year limitation period was equitably
tolled while a prior § 2254 petition was
pending. This contention has merit.

The one-year statute of limitations be-
gan to run on July 14, 1998. *See* 28 U.S.C.
§ 2244(d)(1); *Miles,* 187 F.3d at 1105. On
July 13, 1999, Dawson filed a timely but
mixed § 2254 petition.[1] On December 22,
1999, well after the one-year limitations
period had expired, the district court dis-
missed the petition without prejudice to

---

\* The panel unanimously finds this case suitable
  for decision without oral argument. Fed.
  R.App. P. 34(a)(2).

\*\* The Honorable Samuel P. King, Senior Unit-
  ed States District Judge for the District of
  Hawaii, sitting by designation.

\*\*\* This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this Circuit except as may be provid-
  ed by Ninth Circuit Rule 36–3.

1. *Peterson v. Lampert,* —— F.3d ——, 2002 WL
  27602, at *6 (9th Cir. Jan.11, 2002) (holding
  that citation of state law cases in which feder-
  al law is applied to a state law claim does not
  fairly present a federal claim to a state su-
  preme court) does not apply here because
  Dawson's petition for review on direct appeal
  to the California Supreme Court clearly iden-
  tified the federal nature of a claim and did not
  rely only on citing a state court case.

refiling after exhausting all his claims before the California Supreme Court. The district court did not advise Dawson of the right to proceed only on the exhausted claims, and denied his motion to hold federal proceedings in abeyance while he exhausted the claims.

The district court dismissed as time-barred Dawson's subsequent § 2254 petition, filed within three weeks after the California Supreme Court denied his state petition. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (holding that AEDPA's limitations period begins to run 30 days after the California Supreme Court denies a state habeas petition). Dawson was not entitled to statutory tolling for the time during which his first federal habeas petition was pending. *Duncan v. Walker,* 531 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001). However, we recently held that the one-year limitation period should be equitably tolled where the district court dismisses a prior federal habeas petition without giving the petitioner the opportunity to abandon unexhausted claims as an alternative to suffering dismissal. *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001); *see also James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001) (finding equitable tolling where court failed to notify petitioner of option to dismiss unexhausted claims, and indicating that court has discretion to stay federal proceedings while petitioner attempts to exhaust claims in state court). Because Dawson was not given an opportunity to abandon his unexhausted claims, and his petition would be timely if given the benefit of equitable tolling as set forth in *Tillema,* we vacate and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.